## BLAIR *et al. v.* CLAXTON.

A lease granting land and an easement upon other land of the grantor, with covenant for quiet enjoyment of the whole, the tenant on a partial eviction from the easement, under title paramount, is entitled to an abatement of the rent.

In an action (under 2 *R. S.*, 505, § 30) to recover possession of the land for nonpayment of the rent reserved, the tenant may plead and show a partial eviction from the easement by way of counter-claim and equitable defence; and is not driven to a cross action.

APPEAL from the Supreme Court. Action in the nature of ejectment for the non-payment of rent reserved upon a

conveyance in fee, brought by the assignees of the grantor against the defendant, who was in possession under the original grantee. The plaintiffs claimed that the annual rent, which was $45.50 per annum, was in arrear for six years, ending the 1st of April, 1852. The action was commenced in the latter part of that year, after the plaintiffs had served upon the defendant a written notice, pursuant to the 3d section of the act of 1846, abolishing distress for rent. (*Ch.* 274.) The case was tried before a referee. The conveyance upon which the rent was reserved was executed in April, 1829, by Foster King and John F. King to John Vanderwerken, and was for a lot of ground adjoining an artificial canal and the north branch of the Mohawk river, and it embraced a grant of water power, in these words : " And also the said party of the second part to have the right for himself, his heirs and assigns, forever hereafter, of drawing from the canal near the aforesaid described premises sufficient water for driving one thousand cotton spindles, with the necessary machinery," &c., to be used on a well-constructed water-wheel, &c., or for any other purpose, &c. The conveyance also contained the following clause : " In case of a deficiency of water in said canal, and the streams that supply the same, to draw only one-twentieth part of the water in said canal." It also contained a covenant on the part of the grantors for quiet enjoyment, " without any hindrance, disturbance or molestation of the said parties of the first part, their heirs or assigns, or of any other person or persons lawfully claiming the same," and a covenant by the grantee to pay the annual rent above mentioned and a clause of distress and of reëntry upon non-payment.

The defence set up in the answer was a breach of the covenant of quiet enjoyment, as follows : That in 1828, J. F. King, one of the grantors, had conveyed in fee to one Olney, a parcel of land, and a right of water to be drawn from the same canal, sufficient to carry one thousand cotton spindles ; and that in 1844, one Blake being the owner un-

Blair *v.* Claxton.

der Olney of the estate granted to him, sued N. W. Allen and others, who were then the grantees of the estate granted to Vanderwerken, in Chancery, including other parties also as defendants, for an injunction to protect the water rights granted to Olney, and that a preliminary injunction was issued; and that by the final decree, pronounced in 1847, a perpetual injunction was awarded, restraining the grantees of Vanderwerken from the use of the water in the canal whenever there was not sufficient to enable Blake to draw therefrom the quantity specified in the conveyance to Olney. The answer set out another conveyance from J. F. King, executed in 1828 to the Waterford Manufacturing Company, of sufficient water from the canal to drive two thousand spindles, and that the parties holding under that grant were made defendants in the Chancery suit of Blake, and their rights were also, by the decree, required to be protected and satisfied, prior to the assignees of Vanderwerken being allowed to take water from the canal. The answer stated that the plaintiffs, who were then, as now, the assignees of F. and J. F. King, had notice of and were requested to defend this Chancery suit. The defendant states that he holds under J. N. Allen and others, assignees of Vanderwerken, by a conveyance subsequent to the decree in Chancery, and that the effect of the decree giving the priority in the use of the water to the assignees of the two conveyances executed in 1828 has been to deprive him, the defendant, wholly of water during about three months in each year since 1844, to his damage of more than the amount of the rent reserved, and, as he claims, to the amount of $200 per annum. He sets up these matters as a counter claim and equitable defence by way of recoupment, and claims such relief as he may be entitled to.

On the trial, after the plaintiffs had shown enough to entitle them to recover, the defendant offered in evidence the matters set up in the answer, but the plaintiffs objected, claiming that, if available at all, it could only be in a new

action in the nature of a cross bill. The referee sustained the objection, and reported that the plaintiffs were entitled to recover the premises, stating the amount of rent in arrear. as claimed in the complaint. The defendant excepted. The judgment was affirmed at a general term, and the defendant appealed.

*E. N. Bullard,* for the appellant.

*John H. Reynolds,* for the respondents.

DENIO, J.. The existence of prior grants of water rights to the one contained in the conveyance to Vanderwerken, would not be a breach of the covenant for quiet enjoyment in that conveyance, provided they were so restricted as to leave a twentieth part of the water at all times to satisfy the grant to Vanderwerken. But, according to the statements of the answer, the grants to Olney and to the Waterford Manufacturing Company gave the grantees the right to the quantity mentioned absolutely. Being prior in time to Vanderwerken's grant, they were entitled to be first satisfied ; and, according to the answer, they have been enforced by a legal judgment by which the present plaintiffs are concluded, and the result has been, not merely to deprive the defendant of nineteen-twentieths of the water at the time when it was deficient, but of the whole of it; the exigencies of the prior grants having, for a portion of the year, required the use of all. It seems probable that during those periods, when the prior grants of water enough to drive three thousand spindles engrossed all which could be taken from the canal, the right of one-twentieth of the whole would not be of much value to the assignees of Vanderwerken, and that their damages at these times must have been small, if not merely nominal. But we can conceive that there may have been stops of water when the proportion to which the defendants were entitled would have been useful.

Blair *v.* Claxton.

and when the satisfaction of the absolute rights to which the prior grantees were entitled would operate to the substantial injury of the defendants. It cannot, therefore, be denied but that proof might have been given under the answer, which would have entitled the defendant to damages for the breach of the covenant of quiet enjoyment.

We must assume that the rent reserved upon the conveyance to Vanderwerken was for the enjoyment of the whole premises granted, the water right as well as the ground. Such would be the natural intent of such a conveyance; and the instrument is not set out at length so as to enable us to judge of the bearing of its provisions,· or to say that the rent was for the land alone. We have then the case of a grant of land and of an easement upon other land of the grantors, with a covenant for quiet enjoyment of the whole, and of a partial eviction from the easement under title paramount. There should, therefore, in equity if not at law, be an abatement of the rent agreed to be paid for the whole subject granted. ·This was probably the view of the referee; but he was of opinion that the defendant could only have relief by a new suit in the nature of a cross bill. In this I think he fell into an error. The action, it is true, was in the nature of ejectment, and the plaintiffs were entitled to recover if there was half a year's rent in arrear, though a good defence was established to all. the residue claimed. (2 *R. S.*, 505, § 30.) The legislature assumed that there might be an equitable defence against the rent claimed or a part of it, and in order that the defendant might not lose his estate for the non-payment of half a year's rent, against which he had no answer at law, they provided that he might seek redress in equity within six months after execution issued upon the judgment in ejectment. (*Id.*, § 36.) It was mainly for the purpose of avoiding the necessity of resorting to several actions in cases of this kind that the distinction between legal and equitable remedies was abolished; and it was in furtherance of that

policy that a counter claim was allowed to be interposed. where the defendant had " a cause of action arising out of the contract or transaction set forth in the complaint as the foundation of the plaintiff's claim, or connected with the subject of the action. ( *Code*, § 150.) In ejectment for non-payment of rent it is essential to ascertain whether any and how much rent is due; and in coming at this, the defendant ought to have the advantage of any equitable answer he may have to the claim for rent; and the present forms of procedure are adopted to the adjustment of such a claim upon equitable as well as upon legal principles. The provisions of the Code modify to this extent those of the Revised Statutes, which give the remedy by ejectment for non-payment of rent.

It follows that the judgment of the Supreme Court must be reversed and a new trial ordered.

ALLEN, J., did not sit in the case; all the other judges concurring,

Judgment affirmed