(31 App. Div. 13.)

## LODGE v. MARTIN.

(Supreme Court, Appellate Division, First Department. June 10, 1898.)

CONDEMNATION OF LAND—LIABILITY FOR RENT.

Where the estate of the landlord in the whole of the demised premises, as well as that of the tenant, has been extinguished by condemnation proceedings instituted on the part of the city, before a given installment of rent accrues, the right of the landlord to collect and the liability of the tenant to pay the same, ceases the moment that title passes to the city.

Appeal from special term.

Action by Mary A. Lodge against George W. Martin. From an interlocutory judgment overruling plaintiff's demurrer to a portion of defendant's answer, plaintiff appeals. Affirmed.

Argued before BARRETT, RUMSEY, McLAUGHLIN, and INGRAHAM, JJ.

Theodore H. Friend, for appellant.
Douglas Mathewson, for respondent.

McLAUGHLIN, J. This action was brought to recover rent for the use and occupation of certain real estate situate in the city of New York. The answer admits the hiring, use, and occupation by the defendant of the premises, but alleges as a defense that, by virtue of an act of the legislature and proceedings taken thereunder, the plaintiff was, prior to the time the rent accrued, devested, by an order of the supreme court, "of all her right, title, and interest of, in, and to the premises in the complaint described, and of and from all right and title to the rent thereof; and that an award for such right, title, and interest so taken and devested from the plaintiff was by said order and proceeding made to her, and that the plaintiff had duly accepted and received said award, together with the interest thereon from the said 4th day of May, 1897; and, further, that, by virtue of said act, proceeding, and order, all the right, title, and interest of, in, and to the premises described in the complaint became, was, and ever since has been, vested in the mayor, aldermen, and commonalty of the city of New York." The defendant demurred to that portion of the answer which contained the allegation just quoted. The demurrer was overruled, and, from the interlocutory judgment entered, the plaintiff has appealed.

No rule of law is better settled than the one that a tenant cannot dispute the title of his landlord. This rule is based upon the principle that a tenant, by going into possession, admits the title to be

in the one from whom he has acquired that right, and therefore he is estopped from disputing it. But it is equally well settled that a tenant, when called upon to pay rent, can show, if such is the fact, that the title to the premises occupied by him was terminated after his tenancy commenced, either by the act of the landlord himself, or by the judgment of a court of competent jurisdiction. Jackson v. Rowland, 6 Wend. 666; Despard v. Walbridge, 15 N. Y. 374; Hoag v. Hoag, 35 N. Y. 471; Hetsel v. Barber, 69 N. Y. 15. The defense here demurred to alleges the termination of the plaintiff's title by a judgment of a court of competent jurisdiction at a time subsequent to the lease, and prior to the time the cause of action alleged in the complaint accrued. That such facts, if established upon the trial, would constitute a defense, seems to me to be beyond question. There would be neither justice nor reason in a rule which would permit a party to collect rent for the use and occupation of lands which he does not own. When, therefore, as here, the estate of the landlord in the whole of the demised premises, as well as that of the tenant, has been extinguished by condemnation proceedings instituted on the part of the city before the rent sued for accrued, it must be held that the right of the landlord, on the one hand, to collect, and the liability, on the other, of the tenant, to pay, ceased the moment that the title of the land passed to the city. The cases of O'Brien v. Ball, 119 Mass. 29, and Corrigan v. City of Chicago, 144 Ill. 537, 33 N. E. 746, are directly in point. In the former case the city of Boston, under an act authorizing it, acquired title to a tract of land which had been leased by O'Brien to Ball, and the title of the lessor in the whole tract had been devested by the city under the statute; and the lessor brought suit against the lessee for rent accruing after the devestiture of his title. The court held that he was not entitled to recover, and said:

"But, even without eviction by or attornment to the holder of the new title, the liability to pay the rent reserved ceased with the termination of plaintiff's estate."

In the latter case the plaintiff sued to recover rent which accrued after the city had acquired title to the whole tract for a public street, and the court held that:

"Where the title of the landlord is extinguished in the whole estate during the term, the liability of the tenant to pay rent also ceased, and that, in any action brought by the landlord for the rent accrued after the termination of his estate, the tenant may plead such termination in defense."

The demurrer was also properly overruled for the reason that the statute relating to the condemnation proceedings in the city of New York expressly provides that, when land is thus taken, the obligation of the tenant to pay rent is discharged. Section 982 of the "Consolidation Act," so called, provides that:

"In all cases where the whole or any lot or parcel of land or other premises under lease or other contract shall be taken for any of the purposes aforesaid, the engagements between landlord and tenant or any other contracting parties touching some or any part thereof shall, upon the confirmation of such report in the premises as shall be confirmed by the court aforesaid, respectively cease and determine and be absolutely discharged. * * *"

That part of the defense demurred to comes directly within this provision of the statute, and, if the defendant can establish upon the trial what he has alleged, it cannot be seriously questioned but that it will constitute a defense to the action.

It follows that the judgment must be affirmed, with costs.   All concur.