ELEANOR I. STEWART, Plaintiff, *v.* HARRY A. BRIGGS, Defendant.

(County Court, Ulster County, April, 1909.)

Landlord and tenant — Termination of relation —Appropriation of premises to public use — Property taken for Ashokan reservoir — Right of landlord when terminated.

> Where the title to leased premises has been duly acquired by the city of New York as part of the Ashokan reservoir, the possession of the former owner under the statute which authorized the condemnation of the land is only destroyed by the act of the board of water supply of the city of New York in entering into possession of the premises; and until such entry the tenant is liable for the rent.

ACTION for rent.

Virgil B. Van Wagonen (Martin Conboy, of counsel), for plaintiff.

A. D. Van Buren, for defendant.

CANTINE, J.    This action was brought to recover rent under a lease made by the plaintiff to the defendant upon November 11, 1907. Prior to the execution of the lease and the possession of the defendant thereunder, the city of New York had instituted proceedings for the condemnation of the demised premises as a part of what is known as the Ashokan reservoir; and the oaths of the commissioners appointed to appraise the value of the land had been filed. The parties contracted with reference to the condition then existing, as the lease provided: " It being merely intended to lease the buildings for residential purposes only."

The defendant entered into possession of the building upon December 1, 1907, and has continued in possession of the building continuously from that date up to and including the time for which this rent is claimed.

The defendant paid the rental upon the property until the

1st day of August, 1908. Upon May 7, 1908, an order was granted permitting the city of New York to deposit to the credit of the owner one-half of the assessed value of the premises; and thereafter, and upon July 22, 1908, the deposit permitted by the said order was made.

The determination of the rights of the parties to this action will depend upon the provisions of section 11 of chapter 724 of the Laws of 1905, as amended by chapter 314 of the Laws of 1906. The material portions of the section are as follows:

"On filing the said oaths in the manner provided in the previous section the city of New York shall become seized in fee of all those parcels of real estate which are on the maps * * * of which it has been determined that the fee should be acquired and may immediately or at any time thereafter take possession of the same or any part or parts thereof without any suit or proceedings at law for that purpose; provided however that before the city of New York takes possession of the same it shall pay to the respective owner or owners of each of said parcels of real estate, a sum of money equal to one-half the assessed valuation of such real property as the same appears upon the assessment roll of the town in which the same is situate for the year 1905. Deposit of the money to the credit of or payable to the order of the owner pursuant to the direction of the court shall be deemed a payment within the provisions of this section and, thereupon, the board of water supply of the city of New York or any person or persons acting under their or its authority, may enter upon and use and occupy in perpetuity all the parcels of real estate described in said map for the purpose of constructing and maintaining on, in and under or over the same the said aqueducts, dams and reservoirs, * * * provided, however, that no buildings or improvements shall be removed or destroyed within one year from the date of the filing of the oaths of the commissioners unless notice is given to the owner."

There is no ambiguity in the language used. On filing the oaths of the commissioners, the city of New York became seized in fee of the lands, but did not become entitled to the possession thereof, as the city through the board of water

supply is directed to do certain other things before an entry may be made upon the land. This language reserved to the owner a right to the possession of the lands, although the title to the same had passed to the city of New York.

At the time the lease was made, this right to possession was sufficient to sustain the lease and was exactly what passed under the lease to the defendant. The question then remains, was this right to possession destroyed by the deposit, upon July twenty-second, of one-half of the assessed value? The act itself determines that question, as it provides that, upon making the deposit, the board of water supply of the city of New York may enter upon, and use and occupy in perpetuity, all the real estate, etc. The statute does not destroy the possession of the owner; it does not put the board of water supply in the actual possession of the real estate; but it empowers the board of water supply, upon making the deposit, to enter into the possession of the lands. The reserved right of possession in the owner, created by the statute, can only be destroyed by the act of the board of water supply; and that board may act at such time as it elects.

In the case under consideration, the board of water supply has not entered into the possession of the house demised to the defendant. The defendant has had the use and occupation of the premises for which he contracted and should pay the owner for what he has had.

The case of Lodge v. Martin, 31 App. Div. 13, is not controlling, as the statute referred to in that case, being section 996 of the charter of New York city, expressly severs the relation between landlord and tenant upon the vesting of title in the city of New York. The *dictum* therein contained is also in direct conflict with Folts v. Huntley, 7 Wend. 210.

Judgment is directed for the plaintiff as prayed for in the complaint, with costs.

Judgment for plaintiff, with costs.