THE FIFTH AVENUE BUILDING COMPANY, Appellant, *v.* J. FREDERIC KERNOCHAN, as Executor of EDWARD M. KNOX, Deceased, Respondent.

Landlord and tenant — action for rent — lease of premises which included vault under sidewalk — when exclusion of tenant from such vault by municipal authorities is partial eviction of tenant and constitutes defense in action for rent.

1. Changes in arrangement or in the division of sections of a statute will not work a change of meaning unless the intent to change is manifest. That principle applies with special force to consolidating statutes.

2. The rule that a covenant for quiet enjoyment will be read into a lease has become a settled rule of property and is not changed by the provisions of the Real Property Law.

3. This action is for rent of premises where the terms of the lease included a vault under a sidewalk which was maintained under a revocable lease from the city of New York. The city revoked the license and excluded the tenant from the vault, first from the whole vault and later from part of it. The defense is a partial eviction, with a demand that the rent abate in proportion to the diminished rental value. The landlord insists that in the absence of a covenant for quiet enjoyment, eviction is not a defense. *Held*, that eviction as a defense to an action for rent does not depend upon such a covenant, either express or implied; that an actual eviction suspends the obligation of payment either in whole or in part because it involves a failure of the consideration for which rent is paid.

4. The space within the highway was more than an incident or an appurtenance. It was the subject-matter of the grant. Hence it was also the subject-matter of the covenant, and the inference is not permissible that ouster by the city was by implication excepted from the covenant.

*Fifth Ave. Building Co.* v. *Kernochan*, 178 App. Div. 19, affirmed.

(Argued October 3, 1917; decided October 16, 1917.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the first judicial department, entered May 18, 1917, which affirmed an order of Special Term overruling a demurrer to the answer.

The following questions were certified: "1. Is there an implied covenant for quiet enjoyment in the lease set forth in the pleadings in this action? 2. Are the defenses and counterclaims in the defendant's answer sufficient in law upon the face thereof?"

The nature of the action and the facts, so far as material, are stated in the opinion.

*William Greenough* and *Carroll G. Walter* for appellant. No covenant for quiet enjoyment can be implied in this case even if such implication be not forbidden by statute. (*Wagner* v. *Van Schaick Realty Co.*, 163 App. Div. 632; *Gallup* v. *Albany Railway*, 7 Lans. 471; 65 N. Y. 1; *Bence* v. *F. Nat. Bank*, 79 N. Y. 154; *Churchward* v. *Queen*, L. A. 1 Q. B. 173; *Zorkowski* v. *Astor*, 156 N. Y. 393; McAdam on Landl. and Ten. [3d ed.] 374, § 118; *Burr* v. *Stenton*, 43 N. Y. 462; *Thorley* v. *Pabst Brewing Co.*, 179 Fed. Rep. 338.) The implication of a covenant for quiet enjoyment is expressly forbidden by the Real Property Law. (*Mack* v. *Patchin*, 42 N. Y. 167; *Kinney* v. *Watts*, 14 Wend. 38; *Tone* v. *Brace*, Clarke's Ch. 503; *Mayor, etc.*, v. *Mabie*, 13 N. Y. 153; *People* v. *Westervelt*, 17 Wend. 674; *Vernam* v. *Smith*, 15 N. Y. 327; *Edgerton* v. *Page*, 20 N. Y. 281; *Graves* v. *Berdan*, 26 N. Y. 498; *Burr* v. *Stenton*, 43 N. Y. 462; *Boreel* v. *Lawton*, 90 N. Y. 293.) The deprivation of possession of the "vault space" having been brought about by the lawful act of the public authorities in revoking the license under which the "vault space" was held, it does not amount to a breach of a covenant for quiet enjoyment. (*Franklin Bldg. Co.* v. *Finn*, 165 App. Div. 469; *Duhain* v. *M. J. & K. Jewelry Co.*, 211 N. Y. 364; *Sparrow* v. *Kingman*, 1 N. Y. 242; *Thompson* v. *Simpson*, 128 N. Y. 270; *Long Island Water Supply Co.* v. *Brooklyn*, 166 U. S. 685.)

*John Burlinson Coleman* for respondent. The defenses pleaded are sufficient in law. (*Times Square Imp. Co.*

*v. Fleischmann's V. M. Bakery,* 173 App. Div. 633; *Hoffman* v. *Murray,* N. Y. L. J., March 27, 1913; 159 App. Div. 904; 216 N. Y. 750; *Duhain* v. *Mermod, J. & K. J. Co.,* 211 N. Y. 364.)    A covenant for quiet enjoyment is implied in every mutual contract for the leasing and demise of land by whatever form of words the agreement is made. (*Mayor, etc.,* v. *Mabie,* 13 N. Y. 151; *Vernam* v. *Smith,* 15 N. Y. 327; *Mack* v. *Patchin,* 42 N. Y. 167; Taylor on Landl. & Ten. [9th ed.] 367, § 304; McAdam on Landl. & Ten. [4th ed.] 429, § 125; Chaplin on Landl. & Ten. 132, § 170.)    The rule that a covenant for quiet enjoyment is implied in every lease has not been changed by the adoption of the present Real Property Law. (*Mack* v. *Patchin,* 42 N. Y. 167.)

Cardozo, J.    The action is for rent.  The plaintiff leased to the defendant's testator part of the first floor and basement of the Fifth Avenue Building in the city of New York.  By the terms of the lease, the basement included a vault beneath the sidewalk.  This vault was in fact maintained under a revocable license from the city of New York.  During the term of the lease, the city revoked the license, and excluded the tenant, at first from the whole vault, and later from part of it.  The rent in suit accrued during the period of exclusion.  The defense is a partial eviction with a demand that the rent abate in proportion to the diminished rental value.  The lease contains no express covenant for quiet enjoyment.  The landlord insists that in the absence of such a covenant, eviction is no defense.  We do not share that view.

Eviction as a defense to a claim for rent does not depend upon a covenant for quiet enjoyment, either express or implied.  It suspends the obligation of payment either in whole or in part, because it involves a failure of the consideration for which rent is paid (*Royce* v. *Guggenheim,*

106 Mass 202; *Morse* v. *Goddard*, 13 Metc. 179; *O'Brien* v. *Ball*, 119 Mass. 28; *Lodge* v. *Martin*, 31 App. Div. 13, 14; *Lawrence* v. *French*, 25 Wend. 443; *Pendleton* v. *Dyett*, 4 Cow. 581, 583; 8 Cow. 727, 730; 18 Halsbury Laws of England, Landlord and Tenant, 479, 480, 482; Cruise Dig., title 28, ch. 3, sec. 1; Bacon Abridg., Rent L.; Woodfall Landlord & T. [19th ed.] 478, 486). We are dealing now with an eviction which is actual and not constructive. If such an eviction, though partial only, is the act of the landlord, it suspends the entire rent because the landlord is not permitted to apportion his own wrong. If the eviction is the act of a stranger by force of paramount title, the rent will be apportioned, and a recovery permitted for the value of the land retained (*Christopher* v. *Austin*, 11 N. Y. 216; *Blair* v. *Claxton*, 18 N. Y. 529; *Duhain* v. *Mermod, J. & K. J. Co.*, 211 N. Y. 364; *Royce* v. *Guggenheim, supra*). The right to an abatement of the rent in such circumstances does not grow out of the covenant for quiet enjoyment. It has been enforced in cases where there was no breach of any covenant (*Gates* v. *Goodloe*, 101 U. S. 612, 619; *Gillespie* v. *Thomas*, 15 Wend. 464; *Lodge* v. *Martin, supra*, and cases there cited). In the days of common law pleading, it was the subject of a plea in bar (*Pendleton* v. *Dyett, supra; Smith* v. *Shepard*, 15 Pick. 147, 149). A covenant for quiet enjoyment, either express or implied, is essential where eviction by title paramount is the subject of a claim for damages. It is not essential where the tenant asserts a failure, either complete or partial, of the consideration for the rent. *Carter* v. *Burr* (39 Barb. 59) neatly illustrates the distinction. There a lease had been made in fee. Such a lease, unlike one for years, was held to be a conveyance of real estate, and no covenant was implied. For that reason, the tenant's claim for damages as the result of a partial eviction was rejected, but none the less he was held to be entitled to an abatement of the rent.

The landlord is also in error in its contention that the implication of a covenant for quiet enjoyment is now prohibited by law. At the date of this lease, the Real Property Law of 1896 (L. 1896, ch. 547) was in force. By section 216 (now section 251; Cons. Laws, ch. 50), " a covenant is not implied in a conveyance of real property, whether the conveyance contains any special covenant or not." This provision is a re-enactment with immaterial verbal changes of a provision of the Revised Statutes (1 R. S. 738, sec. 140). The Statutory Revision Commission state in their notes that the section is unchanged in substance. It is settled law that the corresponding section of the Revised Statutes was not applicable to leases which created estates for years (*Mayor, etc., of N. Y.* v. *Mabie*, 13 N. Y. 151, 153; *Vernam* v. *Smith*, 15 N. Y. 327; *Graves* v. *Berdan*, 26 N. Y. 498; *Mack* v. *Patchin*, 42 N. Y. 167; *Burr* v. *Stenton*, 43 N. Y. 462) It was restricted to conveyances of real estate, and real estate was defined in the same chapter as equivalent to lands, tenements and hereditaments. Those words, it was held, did not include a chattel real (*Mayor, etc., of N. Y.* v. *Mabie, supra*). That definition of real estate is preserved in the present statute (Real Prop. Law, sec. 2). The argument is made, however, that the Real Property Law has established a new definition of a " conveyance." By section 205 of the act of 1896 (sec. 240 of the present act, L. 1909, ch. 52; Cons. Laws, ch. 50), " the term ' conveyance,' as used in this article, includes every instrument, in writing, except a will, by which any estate or interest in real property is created, transferred, assigned or surrendered," and " the terms ' estate ' and ' interest in real property ' include every such estate and interest, freehold or chattel, legal or equitable, present or future, vested or contingent." This definition, however, is not new. All that is new about it is its location. In its substance it is a re-enactment of a

provision of the Revised Statutes (2 R. S. 137, secs. 6, 7). It is there included in the Statute of Frauds. The Statute of Frauds, which in the Revised Statutes made up a separate article, has now been transposed and consolidated with other articles. The result has been to place its provisions, including its definition of a conveyance, in the same article which forbids the implication of a covenant in a conveyance of real property.

We do not think that this transposition of sections has effected a change of meaning (Fowler Real Prop. L. sec. 251, note). The Revised Statutes distinguished sharply between conveyances of real estate and conveyances of interests in real estate. We find the distinction emphasized in the very sections from which the present definition of conveyances has been borrowed (2 R. S. 137, secs. 6, 7): "lands" were coextensive in meaning with "lands, tenements and hereditaments;" "estates and interests in lands" might embrace a chattel real. The same distinction is preserved to-day (Real Prop. Law of 1896, secs. 2 and 205; Real Prop. Law of 1909, secs. 2 and 240). When this distinction is kept in mind, the meaning of the statute is no longer doubtful. The prohibition of implied covenants is still applicable, not to conveyances generally, nor to conveyances of "interests in real property," but solely to conveyances of real property, *i. e.*, of lands, tenements and hereditaments. If the purpose had been to extend the prohibition to implied covenants in leases, it would have been very easy to say so in terms too clear for misconstruction. The re-enactment of the old section was an adoption of the meaning which it had acquired by judicial construction for more than half a century (*Davis* v. *Davis,* 75 N. Y. 221; *Caesar* v. *Bernard,* 156 App. Div. 724, 732; 209 N. Y. 570; *Jay* v. *Johnstone,* 1893, 1 Q. B. 25, 28; *Comm.* v. *Hartnett,* 3 Gray, 450, 451). Changes in arrangement or in the division of sections will not work a change of

meaning unless the intent to change is manifest (*Davis v. Davis, supra*). That principle applies with special force to consolidating statutes (*Mitchell* v. *Simpson*, 25 Q. B. D. 183, 190). It finds its proper application here. The rule that a covenant for quiet enjoyment will be read into a lease has become a settled rule of property. We cannot believe that the legislature would have overthrown such a rule without clearer token of its purpose. It would not have retained the old phrases, and left a change of meaning to be gathered by doubtful inference from the order of the sections. More significant than anything which it did change are the things which it omitted to change. The ancient landmarks have been preserved.

Any other conclusion would lead indeed to strange anomalies. A covenant for quiet enjoyment will be implied in oral leases. It results from the mere relation of the parties (*Markham* v. *Paget*, 1908, 1 Ch. 697; *Budd-Scott* v. *Daniell*, 1902, 2 K. B. 351; *Dexter* v. *Manley*, 4 Cush. 14; Rawle Covenants of Title, sec. 274). But the statutory definition of conveyances is limited to instruments in writing (Real Prop. L. sec. 205, now sec. 240). The landlord, therefore, would have us hold that the covenant is implied when the lease is oral and rejected when the lease is written. Such a distinction, if it is to be made, must rest upon a clearer manifestation of the legislature's purpose.

One other argument in support of the landlord's claim remains to be considered. The tenant, it is said, was chargeable with knowledge that the landlord's occupation of the highway was by force of a revocable license (*Deshong* v. *City of N. Y.*, 176 N. Y. 475). From this imputed knowledge, the consequence is deduced that ouster by the city was by implication excepted from the covenant, and that the tenant, having taken his chances, must continue to pay the rent. But the language of the

lease repels that view of the relation.   It is all a question of intention, and here the intention is unmistakable.   The vault and the rest of the basement are joined in a single description; and the whole is leased to the tenant for a term of ten years.   Nothing in the lease suggests a distinction between the landlord's duties in respect of one part and his duties in respect of others.   We cannot doubt that the enjoyment of the whole was the consideration for the rent.   The purpose could hardly have been clearer if the vault had been leased alone.   The space within the highway was more than an incident or an appurtenance.   It was the subject-matter of the grant. Being the subject-matter of the grant, it was also the subject-matter of the covenant (*Pabst Brewing Co.* v. *Thorley,* 145 Fed. Rep. 117;  179 Fed. Rep. 338).

In thus holding, we place the incidence of loss where justice requires it to fall.   Without warning the tenant of the chance of revocation, the landlord undertook to make a lease which should continue for a fixed term.   We will not whittle down the consequences that normally attach to such a letting by nice assumptions of constructive notice.   The tenant had the right to take the landlord at his word.   Whether the paramount title be public or private, the consequence of ouster is a suspension of the rent.

The order should be affirmed with costs, and the questions certified answered in the affirmative.

HISCOCK, Ch. J., CHASE, COLLIN, HOGAN, MCLAUGHLIN and CRANE, JJ., concur.

Order affirmed.