MAX SULKEN, Plaintiff, *v.* JENNIE LOVE, Defendant.

Municipal Court of New York, Borough of Manhattan, Ninth District, January 28, 1930.

*Kossove & Leibowits*, for the plaintiff.

*Hylan & Scherer*, for the defendant.

CHILVERS, J.   In July, 1929, the plaintiff, the landlord in these proceedings, made a lease of the second floor in a building owned by him, giving to the tenants therein named the right to place a sign on the front of the building, extending from their windows up to the windows of the floor above.   In August, 1929, he made a lease to the tenant in these proceedings of the floor above.   Shortly after the tenant took possession the tenants below placed a sign on the front of the building, advertising their Chinese restaurant, which sign, extending up to the windows of the tenant, covered a portion of the front outer wall of the floor occupied by her as a beauty parlor.   In these proceedings to dispossess her for non-payment of rent, she sets up these facts, claiming there was an actual partial eviction suspending the entire rent, and counter-claiming for breach of contract, presumably the covenant of quiet enjoyment.

A lease of a loft is intended to convey the appurtenant right to the use of the outer walls.   But in this case, when the landlord made the lease in August of the third floor, he had already perhaps conveyed that appurtenant right to the tenants below.   It is, therefore, probable that this right was not conveyed to the tenant in these proceedings.   I am not passing upon the respective rights to this sign space as between the two tenants, in view of the fact that the tenants of the loft below are not here, and the controversy as between them is not before me.   I do say, however, that if it is the case that this appurtenant right did not pass to the tenant in these proceedings, there was no eviction.   Because there cannot be an eviction from a possession or use that was never had.   If the lease to this tenant did not convey all that the tenant intended to receive, the rent might have to be apportioned (See *Fifth Avenue Building Co.* v. *Kernochan*, 221 N. Y. 370); or the tenant might recover damages for the breach of the covenant of quiet enjoy-

ment of the use of the premises intended to be conveyed, which damages would be the difference between the rent reserved and the value of the premises without the appurtenance.

If, on the other hand, the right appurtenant did pass to the tenant in these proceedings, there was no actual eviction. There can be no actual eviction except from premises actually possessed. An infringement of an appurtenant right by the landlord, if of a substantial nature, may amount to a constructive eviction, which the tenant may avail himself of only on moving out of the premises.

Judgment, therefore, for the landlord for the amount demanded in the petition. Since there was no proof of the damages, if any, the tenant's counterclaim is dismissed without prejudice. Final order will be entered, with five days' stay.