J ames D. Hopkins, J.
This action for rent was tried without a jury. The tenant’s answer claimed that he was constructively evicted from the premises by reason of a foul and offensive odor which pervaded the premises, the constructive eviction was alleged as the basis for a partial defense, a complete defense, and a counterclaim for damages.
The parties entered into a lease of an unfurnished dwelling for the period of one year at a monthly rental of $400. It is undisputed that the tenant did not pay the rental due for three months during which he occupied the premises. It is equally undisputed that the tenant moved out prior to July 20, 1957, when the next installment of rent would be due. Hence, the landlord demands judgment for the sum of $1,200, and the tenant claims (1) that he is not liable for the rent either during the period he was in occupancy of the premises, or during the remainder of the term while he was not in occupancy, and (2) that he is entitled as damages to the return of $400 security lodged with the landlord, and such expenditures that he made necessarily to remedy the condition which made the premises untenantable.
At the trial by the testimony of disinterested witnesses, and himself and his wife, the tenant established the existence of an intensely disagreeable and obnoxious odor which emanated from a partition between the living room and the sun room, and which became so intolerable that he was compelled to seek other quarters. In April, 1957, (some six months after the lease was effective) the tenant entered into a contract for the purchase of a house, and in July, 1957, he vacated the demised premises in order to take possession of a house which he had purchased. There was proof by the tenant, moreover, that he had endeavored in vain to find and eliminate the cause of the odor through the *511 assistance of artisans and the local department of public works; he also showed the making of prior complaints to the landlord about the odor, and attempts by the landlord or her employee to eradicate it.
The landlord failed to produce any evidence tending to controvert the tenant’s proof, but rested at the end of the tenant’s case. Under the circumstances, it is the rule that uncontroverted testimony must be taken most strongly against the party who was in a position to contradict it (Noce v. Kaufman, 2 N Y 2d 347, 353; Laffin v. Ryan, 4 A D 2d 21), and that evidence, not disputed, which is positive, direct, and not incredible, must be deemed established (Harr v. Wells-Newton Nat. Corp., 244 App. Div. 288, affd. 269 N. Y. 531; Chapin-Owen Co. v. Yeoman, 233 App. Div. 492). Accordingly, the court finds that there was an offensive and obnoxious odor in the premises, not caused by the tenant, but existing at the time he took possession, which was so strong and unbearable as to make the premises uninhabitable. The effect of such a finding on the rights and liabilities of the parties must now be measured.
Under the ancient law, only the actual eviction of the tenant by the landlord, and not constructive eviction, was recognized as a defense (Hunt v. Cope, 1 Cowp. 242). The strictures of this principle have been eroded through the succeeding years; and our courts did not respect the English rule that neither fire, flood, nor violence destroyed the obligation to pay rent (3 Kent’s Comm. [14th ed.], 460). As Chancellor Walworth early said, in Gates & Colvin v. Green (4 Paige Ch. 355, 357): “ It appears to be a principle of natural law, that a tenant who rents a house or other tenement for a short period, and with a view to no other benefit except that which may be derived from its actual use, should not be compelled to pay rent any longer than the tenement is capable of being used.” (See, also, Van Voorhis, J., in Schantz v. American Auto Supply Co., 178 Misc. 909.) Through the passage of time, the assault on the common-law doctrine has continued (1) through the acceptance of the defense of constructive eviction on behalf of the tenant where the landlord, by the commission of acts, or the sufferance of a condition, has interfered with the tenant’s enjoyment of the premises (Haydon Co. v. Kehoe, 177 App. Div. 734; Park Ave. M. E. Church v. Barrett, 30 N. Y. S. 2d 667, affd. 264 App. Div. 879); (2) through the construction by the courts that all leases have an implied covenant of quiet enjoyment (Fifth Ave. Bldg. Co. v. Kernochan, 221 N. Y. 370) and (3) through the enactment of statutory relief (L. 1860, ch. 345, now Real Property Law, § 227; cf. Meserole v. Hoyt, 161 N. Y. 59; Butler v. Kidder, 87 N. Y. 98).
*512 Nevertheless, the equitable precept has been consistently enforced that the tenant must leave the premises to avoid the payment of rent, if constructive eviction is claimed (City of New York v. Pike Realty Corp., 247 N. Y. 245; Matter of Westchester County Syndicate Corp. v. Menke, 250 App. Div. 782) and has been recently reaffirmed (Herstein Co. v. Columbia Pictures Corp., 4 N Y 2d 117). The defendant herein, therefore, could not remain in possession and not pay rent during the period of possession. On the plaintiff’s complaint, therefore, judgment is awarded against the defendant in the sum of $1,200.
This does not dispose of the counterclaim in the defendant’s answer. If a tenant is constructively evicted, there is a failure of consideration (Fifth Ave. Bldg. Co. v. Kernochan, 221 N. Y. 370, supra). It follows that payment of security for future installments of rent would be recoverable, if constructive eviction, coupled with actual abandonment of the premises, were established. Foul and offensive odors may be the foundation for constructive eviction (Barnard Realty Co. v. Bonwit, 155 App. Div. 182; cf. Tallman v. Murphy, 120 N. Y. 345; Tallman v. Earle, 3 Misc. 76; Sully v. Schmitt, 147 N. Y. 248; Lathers v. Coates, 18 Misc. 231). Here there was a written lease, stating in part that the landlord covenanted that the tenant would “ peaceably and quietly have, hold and enjoy the said demised premises ”, that the tenant was to use the premises exclusively for a private residence, that the landlord was to have the plumbing works, and fixtures, and other named appliances in good order when giving possession to the tenant, and that the landlord would deliver the premises in a broom clean condition. Although no covenant of habitability shall be implied from a landlord-tenant relationship (Franklin v. Brown, 118 N, Y. 110), such a covenant may be implied from the terms of a lease to the effect cited (Daly v. Wise, 132 N. Y. 306, 309-310; see Ann. 4 A. L. R. 1453,1455; cf. Mutual Life Ins. Co. v. Winslow, 183 Misc. 754). The instant lease stipulated a rental indicating premises of a character inconsistent with the condition which the tenant discovered. Moreover, the acts of the landlord and her employee in attempting to cure the condition are significant evidence of a recognition of an obligation under the lease (Zimmermann v. Roesseler & Hasslacher Chem. Co., 246 App. Div. 306, 315, affd. 272 N. Y. 566; Matter of Mencher [Geller & Sons], 276 App. Div. 556, 565).
There would be, therefore, no liability for rent due after the abandonment of the premises by the tenant on July 12, 1957, unless- the tenant had waived his rights. The tenant had a reasonable time in which to leave after the condition manifested itself (Waldene Realty Co. v. Pfalzer, 223 App. Div. 787; Krausi *513 v. Fife, 120 App. Div. 490; New York State Investing Co. v. Wolf, 84 Misc. 66). The tenant made serious and repeated efforts to remedy the condition; the landlord did likewise; and, finally, the tenant purchased a house when all efforts were unsuccessful. The court holds, accordingly, that there was no waiver by the tenant of his rights, and he is entitled to judgment in the sum of $400, the security deposited with the landlord. No amount for expenditures made by the tenant is allowed as damages under the counterclaim.
In summation, the plaintiff is awarded a judgment on her complaint in the sum of $1,200 and the defendant is awarded a judgment on his counterclaim in the sum of $400.
This opinion may be treated as the decision of the court pursuant to the provisions of section 440 of the Civil Practice Act (Metropolitan Life Ins. Co. v. Union Trust Co., 268 App. Div. 474, affd. 294 N. Y. 254).