Samuel C. Goldberg, Plaintiff, Counter-Defendant, Appellant, v. The Cosmopolitan National Bank of Chicago, Trustee Under Trust No. 5356, Defendant, Counter-Plaintiff, Appellee.

Gen. No. 48,177.

First District, Third Division.

November 15, 1961.

Koven, Koven, Salzman & Homer, of Chicago (Sheldon O. Collen, Robert Rosenman, and Herbert O. Nelson, of counsel), for appellant.

Benjamin Ordower, and Nathan Wolfberg, of Chicago, for appellee.

MR. JUSTICE SCHWARTZ delivered the opinion of the court.

Plaintiff brought a suit for a declaratory judgment with respect to his rights as lessee under a lease, claiming he had been wrongfully evicted by defendant from a substantial portion of the premises. He sought an injunction restraining defendant from instituting any other legal proceedings and damages in the sum of $150,000. Defendant filed a counterclaim, seeking possession of the premises leased and a judgment for rents past due and such as might become due. In an action for forcible detainer in which lessor was plaintiff and lessee was defendant, the Municipal Court of Chicago found for lessee. Lessee contends that the finding in that case constituted a prior adjudication of the issues in the instant case. To avoid confusion, we will hereinafter call the parties lessor and lessee. The principal questions presented to us concern the remedy of a lessee evicted from a portion of premises demised, and what is necessary to invoke the defense of res judicata.

The trial court entered two decrees, one on March 25, 1960 entitled "final decree," and one four days later, March 29, 1960, entitled "interim decree." The "final decree" allowed lessor's counterclaim for rent in the sum of $9675, gave lessee five days in which to pay and reserved the matter of the issuance of a writ of assistance. The writ of assistance was subsequently issued and lessee was evicted and is no longer in possession of any portion of the premises.

The court, over lessee's objection, also found that there was no just reason for delaying enforcement or appeal of the judgment and decree rendered. The so-called "interim decree" found that the premises demised by the lease included all of a parking lot; that lessor had taken possession of a portion thereof, excluding lessee from its use; that lessee had been damaged in his right to use of the total premises; and that lessee should have a jury trial, as had been requested by him, to determine his damages, and for that purpose referred the cause to the Executive Committee for reassignment.

The finding in the "interim decree" that lessor's action constituted a retaking of possession of the premises demised to lessee stands as the law of this case until reversed or modified by appeal or other appropriate legal proceeding. The result of the two decrees is that lessee, who instituted the suit, is found to have a valid claim against lessor, but since the amount of his damages is as yet unascertained by a jury, he cannot set off such damages against lessor's judgment for rent. Thus he was evicted by court order for failure to pay rent at a time when, for aught that now appears, lessor may owe him more than the amount of the rent. The injustice of such a result is apparent.

The basis for the trial court's conclusion, as it appears from the "interim decree," is that the retaking of possession of a portion of the demised premises was not utilized by lessee as ground for his rescission of the lease, but instead lessee reaffirmed the lease by resisting a suit for possession in the Municipal Court of Chicago and thereafter continued to keep possession of the balance of the demised premises. It apparently was the trial court's opinion that under the law, lessee upon being partially evicted was required to rescind the lease and to rely upon a claim

for damages caused by the eviction. The law does not support that position.

■ Under the prevailing law, a lessee upon eviction from a portion of the premises may continue in possession of the remainder, and payment of rent is suspended even though he does so continue in possession. An eviction in the sense in which it is thus used must of course be something of a serious and substantial character done by the landlord with the intention of depriving the tenant of the enjoyment of the premises. Hayner v. Smith, 63 Ill 430, 433–35; Smith v. Wise, Stigleman & Co., 58 Ill 141; 24 ILP 533; General American Life Ins. Co. v. North American Mfg. Co., 320 Ill App 488, 51 NE2d 619; Smith v. McEnany, 170 Mass 26, 48 NE 781; Fifth Ave. Bldg. Co. v. Kernochan, 221 NY 370, 372–73, 117 NE 579; Carlson v. Levinson, 228 Ill App 104; 52 CJS 240–42. The decision in Smith v. McEnany, supra (opinion by Mr. Justice Holmes) stated that this was in accordance with the law of England as well as of Massachusetts, the main reason therefor being that enjoyment of the whole consideration is the foundation of the debt, and that the obligation to pay cannot be apportioned. Moreover, Justice Holmes felt that the same view naturally would be taken if the question had been raised for the first time because the "land is hired as one whole. If by his own fault the landlord withdraws a part of it he cannot recover either on the lease or outside of it for the occupation of the residue." In Fifth Ave. Bldg. Co. v. Kernochan, supra, a vault beneath an adjoining sidewalk was included in the demised premises, and the lessee was evicted from the vault. Justice Cardozo summed up the doctrine thus, p 580:

> "Eviction as a defense to a claim for rent . . . suspends the obligation of payment either in

86

whole or in part, because it involves a failure of the consideration for which rent is paid (citing cases). We are dealing now with an eviction which is actual and not constructive. If such an eviction, though partial only, is the act of the landlord, it suspends the entire rent because the landlord is not permitted to apportion his own wrong."

The decree of March 25, 1960 was erroneous.

■ One further issue remains to be passed upon, that is, lessee's claim of prior adjudication. Lessee filed his complaint on November 4, 1957. On January 30, 1958 lessor filed a forcible detainer suit in the Municipal Court of Chicago, seeking possession of the premises. That case was dismissed March 7, 1958 and is no longer relevant here. On April 23, 1958 lessor filed a second forcible detainer suit. It relied entirely on the alleged untenantableness of the premises by reason of a fire which occurred in February 1958. The case was tried and on August 21, 1958 the court found for lessee. On August 3, 1959 the court amended its judgment of August 21, 1958 by an order reciting that the basis for its finding was that the premises were not in fact rendered untenantable by fire, explosion or other casualty so as to permit lessor to invoke paragraph 10 of the lease. Lessee contends that this is, nevertheless, a prior adjudication and that lessor is barred from again litigating not only the issue of untenantableness previously litigated, but as well those issues which could have been litigated in the first suit. This is the doctrine known as res judicata, and it applies when the parties and the cause of action are the same in both suits. Markley v. People, 171 Ill 260, 49 NE 502; Fisher & Associates, Inc. v. Shinner Realty Co., 24 Ill App2d 216, 164 NE2d 266; Cohen v. Schlossberg, 17 Ill App2d 320, 150 NE2d 218; 23 ILP 415–419.

■ ■ The question then is whether the cause of action is the same. Forcible detainer is essentially a suit for possession. Its scope has been somewhat broadened by statute (Ill Rev Stats c 57, § 5, 1959) so that it may include a claim for rent. But in the instant case the suit was for possession only and rested on the general allegation that lessee was in possession without right. It is the evidence which reveals the issues. The evidence in the forcible detainer case was directed solely to the question of the untenantableness of the premises by reason of fire. In the instant suit lessee seeks a broad declaration of his rights under the lease, a finding that lessor has breached the terms of the lease, and that lessee has fulfilled all the terms of the lease required to be fulfilled and not excluded by lessor's conduct, and prays for an injunction and damages as hereinbefore stated. The counterclaim by lessor seeks possession and also seeks a judgment for rent past due and to become due. The instant suit is thus far broader than the forcible detainer action. The cases cited by lessee do not sustain his position.

In Campbell & Oakman v. McFarland, 86 Ill App 467, there was an earlier forcible entry and detainer action interposed as a bar to the later one. The court held, at page 469:

"It could not be successfully interposed in bar of this action unless it appeared that it was a suit commenced upon a sixty days notice *and the issues were the same as here.*" (Emphasis supplied.)

It is our conclusion that the earlier forcible detainer action in the instant suit is not a bar to lessor's counterclaim.

The partial eviction having been decided, the court should on retrial determine whether the eviction was of a serious character and was done by lessor with the

88

intention of depriving lessee of the enjoyment of the premises demised. Lessee having been evicted, there is no longer any issue with respect to his retaining possession. The questions now are whether there is any liability for rent and the amount of lessee's damages. Both should be tried together. If the court should decide that lessor is entitled to a judgment for rent, it should not enter such judgment until the issue of lessee's damages has been determined. While lessee's demand for a jury trial on the issue of damages complicates the proceeding, it appears to us that the same trial court can hear both issues. If this involves some administrative procedure because of the assignment of the trial judge, there is no reason why the same judge cannot be assigned pro tem to the hearing of the jury case. This would avoid a situation such as arose in the instant case.

The decree of March 25, 1960 is reversed and the cause is remanded with directions to take such further proceedings as are not inconsistent with the views herein expressed.

Decree of March 25, 1960 reversed and cause remanded with directions.

McCORMICK, P. J. and DEMPSEY, J., concur.