■ THOMAS F. PASQUA et al., Respondents, v. HOWARD E. DE MARCHI et al., Individually and Doing Business as COVER GIRL COIFFURES, Appellants.— Order of Onondaga County Court unanimously reversed and judgment of Syracuse City Court modified by reducing plaintiffs' recovery to the sum of $35, with interest thereon, and as so modified judgment affirmed, without costs. Memorandum: It would appear that an odor of gas pervaded the demised premises from the commencement of defendant's tenancy until its abandonment

on April 7, 1965. This is substantiated by the records of the Niagara Mohawk Service Department attesting to a gas leak on January 6, 1965 due to blocked flues and a leaking pilot. Defendant's employees testified to a gas odor in February and plaintiffs conceded a gas odor in March which they attempted to fix. The gas odor found by Niagara Mohawk on April 6 was so strong as to require shutting down the heating unit. The providing of a heating plant was the plaintiff-landlord's responsibility and not the tenants'. The testimony is persuasive that the gas fumes rendered the demised premises uninhabitable. The premises having been rendered uninhabitable by a condition for which the landlord bore responsibility the fact that defendants may have had in mind to move before April 7, should not be accorded the decisive weight given it by the trial court. The theory of constructive eviction rests upon a failure of consideration for which the rent is paid where such is interposed in defense of a suit for accrued rent. (*Fifth Ave. Bldg. Co.* v. *Kernochan,* 221 N. Y. 370.) The tenant remained liable for rent to the date of actual abandonment notwithstanding the fact that conditions might have warranted earlier abandonment. (Appeal from order of Onondaga County Court, affirming judgment of Syracuse City Court, in action for rent.) Present — Bastow, P. J., Del Vecchio, Marsh, Witmer and Henry, JJ.