**AMERICAN MOTEL CORPORATION,**
**an Indiana corporation, Plaintiff,**

**v.**

**William D. DOAK and Gladys Ellen**
**Doak, Defendants.**

**No. RI–CIV–72–16.**

United States District Court,
S. D. Illinois, N. D.

Nov. 7, 1972.

Peter Lousberg, Rock Island, Ill., for plaintiff.

Harrison H. Kavensky, Rock Island, Ill., for defendants.

## DECISION AND ORDER ON MOTION FOR SUMMARY JUDGMENT

ROBERT D. MORGAN, Chief Judge.

This is an action for damages brought by American Motel Corporation, an Indiana corporation, claiming to be the successor in interest on a contract for deed for the purchase of a motel property, and complaining of the defendant vendor's alleged wrongful and unreasonable interference with plaintiff's efforts to sell its interest in the property. The court has jurisdiction under 28 U.S.C. § 1332(a) (1). Pending for decision is defendants' motion for summary judgment under Rule 56, F.R.Civ.P.

The following facts are undisputed. On September 3, 1966, the defendants made and executed a written installment contract of sale with Nicholas Koushiafes and his partner James N. Bonar for the motel real estate and business popularly known as the Southwind Motel in Rock Island, Illinois. Sometime later in September, 1966, the contract in question was assigned by the purchasers to plaintiff in this cause, which was at that time wholly owned by Koushiafes and Bonar. No vendor consent was sought or obtained to this assignment.

It is further uncontested that after operating the motel in question, the plaintiff attempted to negotiate its further sale in the spring of 1969. The plaintiff requested that defendants consent to an assignment as the buyers promised in paragraph 3(e) of the contract. After several months of negotiations with the plaintiff by Mr. Koushiafes and his attorney, defendants refused to give their consent. In July, 1969 defendants served upon Koushiafes and Bonar a Notice of Default and Forfeiture, alleging failure to pay 1968 property taxes and monthly payment for June, 1969. In September of the same year, the defendants here instituted proceedings in the Circuit Court of Rock Island County, Illinois, for immediate possession (Case No. 69 M 2113). That suit was an action in forcible entry and detainer pursuant to Chapter 57 of the Illinois Revised Statutes. The record in that case shows that Koushiafes asserted there the defendants' alleged obligation to consent to the assignment. A separate complaint was filed in the same Illinois court by Koushiafes against the Doaks (defendants here), seeking judicially required consent to assignment of the contract (Case No. 69 Z 1065). That case was dismissed by that court without decision on the merits on July 15, 1969. The forcible entry and detainer action was disposed of by a final order entered by the Illinois Circuit Court on October 15, 1969, which found material

breaches of contract by the purchasers "who have no rights on said contract and said contract is deemed to be null and void." A Writ of Restitution was issued for return of possession of the premises to the defendants here.

Defendants raise this latter order as an affirmative defense in this case and contend that its effect is res judicata to bar the present action. The pleadings and affidavits reveal no genuine issue of any material fact for trial. The issue of law before the court is whether the state court proceedings are res judicata regarding the plaintiff's claim here. The answer must be in the affirmative.

Plaintiff's theory for the inapplicability of the doctrine of res judicata is that its present claim was not adjudicated on the merits in any prior state court proceedings. Plaintiff here contends that its legal position, while admittedly raised there, was not germane to an action or forcible entry and detainer and that various motions filed by the Doaks in state court prevented any previous determination on the merits.

Plaintiff's characterization of what the state court did, however, is not accurate. Viewing the state court records, it is apparent that the declaratory judgment action (No. 69 Z 1065) was dismissed on motion because the complaint was insufficient to state a cause of action. Leave to amend was granted for a limited time but no amended complaint was filed. As to the counterclaim in the forcible entry and detainer action (No. 69 M 2113), it simply cannot be inferred from the record that the counterclaim was not considered germane to the issues in the case. The final order entered October 15, 1969 in that case disposed of the entire matter by summary judgment, and it is by no means clear that the court did not intend to pass upon the merits of the counterclaim. The normal presumption is just the opposite.

Even if the counterclaim, which is the substance of the present claim, was theoretically not germane to the forcible entry and detainer proceedings in state court in 1969, plaintiff is precluded from raising the matter again here on the basis of what the state court actually did determine in that case. That order of October 15, 1969 determined that non-payment by purchasers was a material breach which made the contract voidable at the option of the sellers, and that they exercised that option, which extinguished all rights of the purchasers through that contract. [The Koushiafes' contentions in its counterclaim there, as well as plaintiff's identical contentions here, to the extent that they might have been held to excuse non-payment and prevent forfeiture of the contract, though before the court, were not permitted to do so.] The clear remedy lay in appeal of that judgment to prevent damages, not a new action here almost three years later for alleged damages. To permit this action would be to review the determination of the state court. This court should not do that.

While it is true, as plaintiff argues, that an action for forcible entry and detainer is essentially a suit for possession, Goldberg v. Cosmopolitan National Bank of Chicago, 33 Ill.App.2d 83, 178 N.E.2d 647 (1st Dist. 1961), the Illinois Circuit Court, in finding the Doaks were entitled to possession, of necessity determined the contract rights of the parties. Finding a material breach by purchasers, which extinguished the contract, precludes any further alleged claim by the purchasers or any person claiming through them.

Plaintiff relies heavily on the *Goldberg* case, *supra*. That case is not in point here. In *Goldberg*, where res judicata was held inapplicable, the first suit involved an action for forcible entry and detainer, which resulted in a finding for the lessee on the sole issue of untenantableness of the premises. The second suit involved a declaratory judgment action brought by the lessee, claiming he had been wrongfully evicted by the lessor. Thus, the second action involved a broad determination of rights under the lease. The present case involves just the reverse situation where the total rights under the contract were adjudicated in

the first action, thus precluding relitigation of the more narrow point of a possible right to assign which had been raised and, of necessity, disposed of in the first suit.

Accordingly, it is ordered that defendant's motion for summary judgment is allowed, and judgment is hereby entered dismissing the complaint herein with prejudice at plaintiff's cost.