(31 Misc. Rep. 285.)

LYMAN, Commissioner, v. SIEBERT et al.

(Supreme Court, Special Term, Erie County. April, 1900.)

VIOLATION OF LIQUOR TAX LAW—ACTION ON BOND—PLEADING—DEMURRER.

    In an action on a liquor tax bond conditioned that the obligor would not violate the liquor tax law while the business for which a liquor tax certificate was given should be carried on, and would pay all fines imposed for a violation of such law, a complaint failing to allege that the violation occurred while the business for which the certificate was given was carried on is insufficient.

Action by Henry H. Lyman, as state commissioner of excise, against John W. Siebert and the United States Guarantee Company on a liquor tax bond to recover for fines and penalties imposed for violations of the liquor tax law. Defendant demurred to the complaint. Demurrer sustained.

Mead & Stranahan, for plaintiff.
Peckham, Warner & Strong, for defendants.

KRUSE, J. The plaintiff seeks to recover upon a liquor tax bond the amount of a judgment for fines and penalties recovered for violations against the liquor tax law by the principal in the bond, the defendant Siebert. The complaint alleges that on August 16, 1898, Siebert was the holder of a liquor tax certificate to traffic in liquors at a certain place in the city of Buffalo, and about that time made application to permit him to transfer and carry on such business at another place in the same city, and did at the same time file the bond made and executed by the defendants, a copy of which is set forth in the complaint, and in effect alleges that the transfer was granted, and that the defendant Siebert at the time thereinafter mentioned trafficked in liquor at the premises by virtue of the transfer so granted. The complaint then alleges:

"That thereafter, and on or about the 24th day of September, 1898, an action was commenced in the supreme court, Erie county, N. Y., in which this plaintiff, as state commissioner of excise, was plaintiff, and the defendant John W. Siebert was defendant, to recover the sum of $300 for penalties incurred by said Siebert for violations of the liquor tax law, committed at said premises where said traffic in liquors was carried on under said certificate as aforesaid; and that thereafter, and on or about the 8th day of March, 1899, judgment was entered in said action against said defendant John W. Siebert and in favor of this plaintiff, as state commissioner of excise, for the sum of $557.39, being the sum of $300 for penalties incurred for violations of the excise law and $257.39 costs and disbursements, as taxed and adjusted in said action, and that no part of said judgment has been paid."

The bond contains the condition, among others, that if the said liquor tax certificate applied for is given unto the principal, and the principal will not, while the business for which such liquor tax certificate is given shall be carried on, violate any of the provisions of the

liquor tax law, or any act amendatory thereof or supplementary thereto, the said principal will pay all fines or penalties incurred or imposed for violations of the liquor tax law, and any judgment or judgments recovered or entered against the said principal for or on account of any such violation of said law, together with all costs taxed or allowed in any action or proceeding brought or instituted under the provisions of said liquor tax law, then the above obligation to be void; otherwise, to remain in full force and virtue. While the complaint alleges that the action was brought to recover for penalties incurred for violations committed "at said premises where said traffic in liquor was carried on under said certificate as aforesaid," it is absolutely silent as to the specific time when these violations occurred, or that they occurred while the business for which said liquor tax certificate was given was carried on. Such a violation might have been committed at the premises before or after the time covered by this liquor tax certificate, and yet be within the allegations of the complaint. Whenever time is an essential ingredient in a cause of action, or a particular period of time becomes material, the complaint should be definite and specific in that regard. To entitle the plaintiff to recover, these violations must have occurred while the business for which the liquor tax certificate is given shall have been carried on, as is stated in the bond, otherwise there is no liability; and the complaint should set forth specifically that these violations occurred during this period of time, for otherwise there is no breach of the conditions of the bond, and no liability has been established. I think the complaint is fatally defective in this regard. The demurrer is sustained, with costs, with leave to the plaintiff to amend his complaint within 20 days after entry of the interlocutory judgment and notice therefor, upon payment of costs.

Demurrer sustained, with costs, with leave to plaintiff to amend within 20 days after entry of interlocutory judgment upon payment of costs.