## PEOPLE v. LEWIS.

(Supreme Court, Appellate Division, Third Department. May 20, 1910.)

1. FOOD (§ 16*)—ADULTERATION—PENALTIES—COMPLAINT—EVIDENCE.

Agricultural Law (Laws 1893, c. 338) § 7, provides that any person who allowed any violation of its provisions by his agent or servant, or in any room or building occupied by him, shall be deemed a principal in the violation and liable accordingly. *Held* that, where a complaint alleged that defendant, at his place of business, did expose for sale, offer for sale, and sell an article of food adulterated and misbranded, in violation of sections 164, 165, as added by Laws 1903, c. 524, in that defendant exposed for sale, offered for sale, and sold a certain substance as and for lard which was not in fact lard, etc., it was sustainable by proof that the misbranded and adulterated article was sold by defendant's agent and servant, under the rule that, in both actions ex delicto and ex contractu, a complaint may properly plead the act of an agent as the act of the principal without disclosing the fact of agency.

[Ed. Note.—For other cases, see Food, Dec. Dig. § 16.*]

2. FOOD (§ 14*)—ADULTERATION—"OFFERED OR EXPOSED FOR SALE."

A merchant has "offered or exposed for sale" an adulterated or misbranded article of food, in violation of Agricultural Law, §§ 164, 165, added to Laws 1893, c. 338, by Laws 1903, c. 524, by having the adulterated or misbranded article in stock for the purpose of sale, without actually making a sale.

[Ed. Note.—For other cases, see Food, Dec. Dig. § 14.*

For other definitions, see Words and Phrases, vol. 6, pp. 4919, 4920.]

Smith, P. J., dissenting.

Appeal from Trial Term, Rensselaer County.

Action by the People against Joseph Lewis. From a judgment dismissing the complaint at the close of plaintiff's evidence, the People appeal. Reversed, and new trial granted.

See, also, 131 App. Div. 336, 115 N. Y. Supp. 909.

Argued before SMITH, P. J., and KELLOGG, COCHRANE, SEWELL, and HOUGHTON, JJ.

Michael D. Nolan, for the People.
H. P. Humphrey, for respondent.

COCHRANE, J. This is an action under sections 164 and 165 of the agricultural law (chapter 338 of the Laws of 1893, as amended by chapter 524 of the Laws of 1903 and chapter 100 of the Laws of 1905) to recover the forfeiture provided in section 37 of said act. It is alleged in the complaint:

"That the defendant, on or about March 7, 1907, at his place of business in the city of Troy, N. Y., did expose for sale, offer for sale, and sell an article of food adulterated and misbranded, within the meaning of and in violation of sections 164 and 165 of article 11 of the agricultural law, * * * in that the said defendant did then and there expose for sale, offer for sale, and sell a certain substance or compound as and for lard which was not in fact lard, and was an imitation of lard, and an adulterated and misbranded article of food, within the provisions of the aforesaid sections."

On the trial the plaintiff attempted to establish that an agent or clerk of the defendant, in his store and in his absence, sold as lard a

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

substance which was not lard. It was contended by plaintiff that, under a complaint alleging a violation of the statute by the defendant, such violation by an agent or servant of the defendant might be established, and the defendant held liable therefor. The court held otherwise, and ruled that such evidence was not admissible under the complaint.

The learned court was in error. "It is a rule of pleading that, where a third party seeks to charge a principal with the act of his agent, the complaint may plead the act of the agent as such, or plead it as the act of his principal, and, unless otherwise provided by the Codes or practice acts, it is not necessary, in pleading the act, to aver the fact of agency; it being sufficient to charge the act as that of the principal, without disclosing the fact of agency. And the rule that it is sufficient to allege the act of the agent as the act of the principal, without disclosing the fact of agency, is held to be applicable to actions ex delicto as well as actions ex contractu." 31 Cyc. 1626.

Section 7 of the agricultural law contains a provision that:

"Any person who suffers, permits or allows any violation of the provisions of this chapter by his agent or servant, or in any room or building occupied or controlled by him shall be deemed a principal in such violation and liable accordingly."

It is suggested that this provision changes the rule. That provision, as indicated by the title of the section as expressed in the statute, is simply a rule of evidence. It does not affect the question of pleading. It was probably intended thereby to prevent a claim that a principal could not be made liable in this class of cases for acts of his agent, and perhaps it was also intended to restrict the liability of the principal to cases where the principal "suffers, permits or allows" the act of the agent. But, whatever may be the intent of the section, it declares expressly that a defendant who thus "suffers, permits or allows any violation * * * shall be deemed a principal." The section certainly does not enlarge the liability of the principal beyond the rule of the common law, and therefore a defendant cannot be prejudiced by this general form of pleading, more than he would be if said section did not exist.

Independently of this question of pleading, this complaint was established by the evidence on another theory. The statute makes it an offense to "offer or expose" for sale, as well as to sell, adulterated or misbranded food. The complaint charged both the exposure for sale and the sale. The exposure in violation of the statute consists in having the adulterated or misbranded article in stock for the purposes of sale, without actually making such sale. The evidence offered by plaintiff was clearly sufficient to establish such an exposure of an improper article for sale. This act of exposure was not the act of the agent, but the personal act of the principal.

The judgment must be reversed, and a new trial granted, with costs to the appellant to abide the event. All concur, except SMITH, P. J., who dissents.

SMITH, P. J. (dissenting). It may be that, if asked for, this case should have gone to the jury upon the question as to whether the

defendant did expose for sale a spurious article of food. Plaintiff's counsel, however, did not ask it, and distinctly stated that the only violation of the statute which he claimed was the violation of the defendant through the act of his agent. It is not fair to the trial judge, it is not fair to the parties, after such disclaimer, to reverse the judgment upon that ground. Nor does plaintiff's attorney ask for a reversal upon that ground. He makes no claim in his brief or on his argument that he should have gone to the jury upon that question. It is apparent that the state desires a determination of the question as to whether the act of the agent may be pleaded as the act of the principal. The prevailing opinion of this court, however, makes it impossible for the state to get a decision of the Court of Appeals upon that question.

The one question upon which this appeal should be determined is the question of pleading in this action: Can the act of the servant be pleaded as the act of the master? The act of the clerk in making this sale contrary to law was not the act of the defendant, and for it the defendant is not liable. The statute quoted in the prevailing opinion makes the principal liable only when the unlawful act was "suffered, permitted or allowed" by the principal. The defendant's liability, therefore, does not rest upon the rules governing the relations of principal and agent, whereby the principal is made liable, not only for the authorized acts of his agent, but for those within the scope of his authority. The principal is made liable only for his own act in suffering or permitting or allowing the unlawful sale by the agent. It cannot be claimed for a moment that an indictment could be sustained as against this principal by showing the act of the agent, without an allegation that the act of the agent was suffered, permitted, or allowed by the principal. The cause of action cannot be proven without proof of this fact. Nor, in a penal action should the principal be charged with the act of the agent, under this statute, without a distinct allegation that the act of the agent was suffered, permitted, or allowed by the principal.

In Village of Cortland v. Howard, 1 App. Div. 131, 37 N. Y. Supp. 843, it was held in this department that, inasmuch as an action for penalty was a quasi criminal action, the defendant "must be accurately informed of the exact charge against him." The same rule is stated by this department in Ithaca Fire Department v. Rice, 108 App. Div. 100, 95 N. Y. Supp. 464. In Bacon v. Hooker, 173 Mass. 554, 54 N. E. 253, it seems to have been held that an action of assault and battery cannot be maintained against a defendant, upon proof of an assault by the defendant's servant, under an allegation of assault by defendant.

I advise an affirmance of the judgment, with costs.