THE AMERICAN METAL COMPANY, LTD., Appellant, *v.* " JOHN " NEUMANN and Others, Respondents.

First Department, July 11, 1918.

Sale — agreement to ship goods if freight can be secured and giving buyer option to cancel or extend contract construed — action for refusal by seller to deliver — pleading — complaint — when rule with respect to liberal construction of pleadings does not apply.

A contract to sell and ship goods before a certain date " provided that the sellers can secure freight," which further provides that " If shipment has not been made before the date mentioned, the buyers will have the option to cancel the contract or extend it," is binding upon the parties and performance *is conditioned only on the ability of the sellers to obtain shipping facilities on or before the date specified.*

A second extension of said contract mutually agreed upon constituted a new agreement.

In an action by the purchasers against the sellers for an alleged breach of the contract in refusing to make delivery, a failure to allege the terms of the new agreement showing the time of the extension and the ability of the defendants to obtain shipping facilities renders the complaint insufficient.

Allegations of a complaint as to matters of substance do not fall within the rule with respect to a liberal construction of pleadings which authorizes inferences by reasonable and fair intendment from facts unequivocally alleged.

APPEAL by the plaintiff, The American Metal Company, Ltd., from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 22d day of January, 1918, sustaining a demurrer to the complaint.

*Joseph M. Proskauer* of counsel [*Julius Goldman* and *Samuel Kramer* with him on the brief; *Steinhardt & Goldman,* attorneys], for the appellant.

*Philip B. Adams* of counsel [*Alfred R. Urion* with him on the brief], for the respondents.

LAUGHLIN, J.:

The action is brought for an alleged breach of a contract in writing made between the parties on the 21st day of April,

1917, by which defendants promised to sell and plaintiff promised to buy 100 tons of Wolfram concentrates on terms and conditions therein specified.  The contract purports to have been made at Buenos Aires, but does not show where it was to be performed.  The defendants agreed to ship the goods " before the 20th of May, 1917, provided that the sellers can secure freight " and to make shipment if possible on American Transatlantic Company steamers.  The contract further provided as follows: " If shipment has not been made before the date mentioned, the buyers will have the option to cancel the contract or extend it."  The plaintiff alleges that no delivery was made on or before the date specified in the contract, and that on the 19th of May, 1917, it elected to and did extend the contract · to and including May 31, 1917, and that it so notified the defendants; that no delivery having been made under the contract, plaintiff on or about May thirty-first exercised its right or option and elected to further extend the contract, and so notified the defendants, and that " the plaintiff and defendants mutually agreed that the time within which" the shipments " should be made under said contract, should be further extended."  It is then alleged that the plaintiff has at all times been ready and willing to receive the Wolfram concentrates and to pay for the same as provided in the contract and demanded the delivery thereof, and has otherwise duly performed on its part, and that on or about the 19th of June, 1917, the defendants " wrongfully cancelled, breached and repudiated said contract, and notified this plaintiff that they refused to make and would not make any deliveries of Wolfram concentrates to the plaintiff under the said contract as extended."  The learned counsel for the respondents contends that the agreement provided an exclusive remedy and that the plaintiff's only right was to cancel or extend the contract. That construction would leave it optional with the defendants whether to ship the goods, and would leave the agreement without any binding force.  It was made after the United States declared war against the German Empire and indicates that the parties anticipated that there might be difficulty and delay in making the shipments, but it is quite evident, I think, that they intended to make a binding contract, the

performance of which was conditioned only on the ability of the defendants to obtain shipping facilities on or before the date specified. (See *Stewart* v. *Stone*, 127 N. Y. 500; *Luce* v. *Knowlton*, 40 N. Y. St. Repr. 284.) If shipping facilities were available to defendants within that time, then they were guilty of a breach of the contract in not shipping, but if shipping facilities were not so available, then it is evident that it was intended that the plaintiff should have the election to cancel the contract or to extend it. The contract does not indicate that the *time* of shipment concerned defendants, but shows that the parties contemplated that it *might* affect the plaintiff. Failure to ship within the time specified is alleged, but ability to obtain shipping facilities is not alleged, and, therefore, no breach prior to the extensions is alleged. The only breach charged is a *repudiation* of the contract after the second extension. The point as to whether plaintiff exhausted its right to extend by one extension thereof is not necessarily presented, for it is alleged that the second extension was mutually agreed upon. That, therefore, constituted a new agreement (*Rice, Barton & Fales M. & I. Co.* v. *Hoffman-Youmans Paper Mills*, 158 App. Div. 309, 311), the terms of which should have been alleged. (*Bailey* v. *Elm City Lumber Co.*, 167 App. Div. 42.) We come now to what I deem to be the difficult point in the case, and that is whether the plaintiff alleges a breach while the contract remained in force. If the plaintiff predicated the breach on defendants' ability and their failure to ship at a particular specified time, or within a specified period or a reasonable time, there would be much force in the argument that there having been no election to cancel the contract it remained in full force and the duty of the defendants thereunder continued; but that is not the nature of the breach alleged. There is no allegation that defendants could have obtained shipping facilities, and surely in view of the war conditions there can be no presumption to that effect. The technical but vital point, therefore, is whether the defendants before their time for shipping, provided they could obtain shipping facilities, expired, repudiated and refused to perform the contract which would give plaintiff a cause of action for *nominal* damages; but to recover substantial damages it would, I think, have to be shown that

but for such repudiation defendants could have obtained shipping facilities during the life of the contract. On this point it will be observed that the plaintiff does not allege whether the contract was extended for a specified time which had not elapsed when the defendants repudiated it, nor does it charge that the extension was general so that the law would imply that it was for a reasonable time. If the plaintiff had alleged that no time was specified in the last extension, then I think a technical breach which, as already observed, would withstand the demurrer would be shown; for then time would not be of the essence of the contract, which would continue until performed or terminated by demand or notice. (*Taylor* v. *Goelet*, 208 N. Y. 259.) But it is quite as consistent with the allegations of the complaint that the extension was a definite one specifying the time, which may have expired, as that it was general, and this being a matter of substance does not fall within the rule with respect to a liberal construction of pleadings, which authorizes inferences by reasonable and fair intendment from facts unequivocally alleged, and renders the complaint insufficient. (*Clark* v. *Dillon*, 97 N. Y. 370, cited with approval in *Jacobs* v. *Monaton R. I. Corp.*, 212 id. 48, 56; *Hammel* v. *Washburn*, 49 App. Div. 119. See, also, *Lyman* v. *Siebert*, 31 Misc. Rep. 285.)

If that extension was for a specified period, then it is quite clear, I think, that there could be no further extension without mutual consent, for otherwise the contract could be continued indefinitely by one party acting alone. It was incumbent upon the plaintiff, therefore, to allege the terms of this extension in order to show that the breach of which he complains occurred during the life of the contract.

It follows that the order should be affirmed, with ten dollars costs and disbursements, but with leave to plaintiff to amend on payment of costs of the motion and of the appeal.

CLARKE, P. J., SMITH, PAGE and SHEARN, JJ., concurred.

Order affirmed, with ten dollars costs and disbursements, with leave to plaintiff to amend complaint on payment of costs in this court and at Special Term.