FREDERICK JOHNSON and Others, as Executors, etc., of GEORGE F. JOHNSON, Deceased, Appellants, *v.* THE STATE OF NEW YORK, Respondent.

Third Department, May 7, 1919.

Real property — executory agreement to sell — implied warranty against incumbrances — sale by State — waiver by purchaser of implied warranty against tax liens by accepting quitclaim deed — incumbrance defined.

Where a vendor agrees by an executory contract to sell specific real estate there is an implied warranty that the title shall be good and that the same shall be free from incumbrances.

Where the notice and terms of a sale expressly limited it to " the title of the State of New York in the premises " and provided that the deed should be merely a quitclaim deed and that the purchaser should receive such deed " upon production of the State Treasurer's receipt in full payment," a purchaser who took his quitclaim deed and paid tax liens under protest is not entitled to recover the same.

Even if there was an implied warranty against the tax liens in the executory agreement it was merged when the deed was given. By accepting a quitclaim deed the purchaser waived any remedy he had up to that time.

An incumbrance is that which diminishes the value of the land but is consistent with the power to convey the fee.

APPEAL by the plaintiffs, Frederick Johnson and others, as executors, from a judgment of the Court of Claims, entered in the office of the clerk of said court on the 13th day of August, 1918, dismissing their claim.

The State owning real estate in The Bronx in 1905, the Commissioners of the Land Office adopted resolutions authorizing the State Engineer and Surveyor to sell the same

at the minimum price of $3,404.45 with the addition of the cost of advertising and other expenses of the sale and that the purchaser should " receive a quitclaim patent upon production of the Treasurer's receipt in full of payment." The State Engineer and Surveyor advertised the property, the notice of sale stating that he would sell " all the title of the State of New York in the premises " on September 26, 1905, and further stating as follows: " The purchaser to receive a quitclaim patent upon production of the State Treasurer's receipt in full payment." The terms of sale contained the same statements. At the time of the sale there were unpaid taxes and assessments against the property. The plaintiff's testator attended the sale with an attorney. The attorney had in his possession at that time a search showing these tax liens and was fully aware of their existence. He bid in the property for $4,675, and according to the terms of sale paid ten per cent thereof down at the time. The matter was held open until November 25, 1905. On the latter date the testator insisted that the tax liens should be deducted from the purchase price. The State Engineer and Surveyor declined. The testator then paid the full amount under protest and took his quitclaim deed. He paid the taxes in 1909, more than three years after he purchased the property, which tax liens with interest then amounted to $2,398, for which amount he filed a claim against the State and from a judgment of the Court of Claims dismissing the same an appeal comes to this court. The testator has since died and the appeal is prosecuted by his executors.

*Ferriss & Storck* [*H. C. Storck* of counsel], for the appellants.

*Charles D. Newton, Attorney-General* [*Jerome L. Cheney, Deputy Attorney-General,* of counsel], for the respondent.

COCHRANE, J.:

The rule undoubtedly is that when a vendor agrees in an executory agreement to sell specific real estate there is an implied warranty that the title shall be good and that the same shall be free from incumbrance. But such was not this case. The notice of sale and the terms of sale expressly limited the sale to " the title of the State of New York in the premises " and provided that the deed should be merely a quit-

claim deed and that the purchaser was to receive such deed " upon production of the State Treasurer's receipt in full payment," clearly indicating that the full amount was to be paid to the State without deductions. With knowledge of the incumbrances and without protest or objection the purchaser executed an agreement to comply with the terms and conditions of sale. The appellants place much reliance on the case of *Wallach* v. *Riverside Bank* (206 N. Y. 434), but the court in that case lays emphasis on the fact that the executory agreement was to convey " all the premises," saying among other things: " The covenant was to convey a certain parcel of land, not to convey all the right, title and interest of the defendant in that land." So also in *Wheeler* v. *State of New York* (190 N. Y. 406, 412) Chief Judge Cullen in discussing *People ex rel. Hall* v. *Woodruff* (57 App. Div. 342) says: " In that case the People assumed to sell not the lands but merely their right, title and interest to them, whatever it might be. The case was similar to that of a sale by a sheriff on execution." The appellants seek to draw a distinction between a defect in title and an incumbrance affecting the title such as exists here. The argument is ingenious but is unsupported by precedent or principle. An incumbrance is that which diminishes the value of the land but is consistent with the power to convey the fee. (*Forster* v. *Scott*, 136 N. Y. 577, 582.) Manifestly, however, an incumbrance by a natural process of evolution may destroy the power to convey the fee. It is only a step from these tax liens in question to a tax title thereunder.

But even if there was an implied warranty against these tax liens in the executory agreement it was merged when the deed was given. By accepting the quitclaim deed the purchaser waived any remedy he had up to that time. (*Clark* v. *Post*, 113 N. Y. 17; *Wheeler* v. *State of New York*, 190 id. 406; *Whittemore* v. *Farrington*, 76 id. 452.) In the *Wheeler Case* (*supra*) the general rule was stated as follows: " An executory contract to give ' a good and sufficient conveyance of land ' requires the grantor to convey a good title, as well as to deliver a conveyance proper in form. But after the contract is executed and the conveyance accepted, the grantee must rely solely on the covenants in his deed. If his deed contains no covenants, he is without remedy either for eviction

or incumbrance." In *Whittemore* v. *Farrington* (*supra*) there was an agreement for the conveyance of lands under which agreement plaintiff was entitled to a deed with covenants. He accepted a deed without covenants. Subsequently an incumbrance was discovered. There was no fraud or mutual mistake. The court tersely summarized the legal situation thus: " It is conceded that no legal liability rests upon the grantor in such a case," and it was also held that the plaintiff was not entitled to equitable relief. That seems to dispose of the whole contention of the appellants herein.

The judgment should be affirmed, with costs.

Judgment unanimously affirmed, with costs.