COLUMBIA OVERSEAS CORPORATION, Appellant, *v.* BANCO NACIONAL ULTRAMARINO, Respondent.

First Department, December 2, 1921.

**Bills and notes — action for breach of contract for collection of bill of exchange — bank becomes liable as agent of owner by accepting bill of exchange for collection — allegations in complaint sufficient to show employment of defendant as plaintiff's agent — rule as to liberal construction of pleadings not applicable to matters of substance.**

Where a bill of exchange is delivered by the owner to a bank for *collection* the bank accepting it for *collection* becomes the agent of the owner, but where the bill of exchange is delivered to a bank as the agent of the owner merely for *transmitting* it for collection, the first bank accepting it for *collection* becomes the agent of, and liable to, the owner.

Accordingly, in an action for the breach of a contract for the collection of a bill of exchange an allegation that the defendant agreed with the plaintiff to perform the duties requested is a sufficient allegation of the facts showing the employment of the defendant as plaintiff's agent for collection of the bill of exchange and its acceptance thereof.

Allegations of a complaint as to matters of substance do not fall within the rule with respect to a liberal construction.

APPEAL by the plaintiff, Columbia Overseas Corporation, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 2d day of August, 1921, denying plaintiff's motion for judgment on the pleadings, and granting defendant's motion for judgment on the pleadings, and dismissing plaintiff's amended complaint.

*Henry Siegrist* of counsel [*Saul S. Myers* with him on the brief], for the appellant.

*Richard M. Page* and *Powell C. Groner* of counsel [*William H. Page* with them on the brief], for the respondent.

LAUGHLIN, J.:

The complaint contains three similar counts for the recovery of damages for a breach of contract. In each count it is alleged that the plaintiff, a foreign corporation, was duly authorized to transact business in this State and had its

principal office in the city of New York, and that defendant is a corporation organized under the laws of the Republic of Portugal and was doing business in this State; that plaintiff through its agent, the Equitable Trust Company of New York, forwarded by mail to the defendant at Pernambuco, Brazil, a bill of exchange made and signed by it and drawn on a specified drawee at Pernambuco, directing the drawee to pay to the order of the plaintiff a specified sum of money four months after the date thereof; that the bill of exchange was duly indorsed to the order of the defendant and forwarded with a bill of lading and the required shipping documents, covering a consignment of merchandise by the plaintiff by a specified steamer, of the value of the amount of the bill of exchange, which was to be paid by the drawee as the purchase price thereof; that the documents so transmitted with the bill of exchange were evidence of the ownership of the merchandise in any person to whom they might be transferred and delivered; that by the presentation thereof to the carrier, possession of the merchandise could be obtained; that the plaintiff also forwarded therewith written instructions to the defendant to present the bill of exchange to the drawee for acceptance on arrival of the steamship, and upon such acceptance to transfer and deliver the documents to the drawee, and to collect the bill of exchange for the purchase price of the merchandise on maturity, and to pay over the proceeds to the plaintiff through its agent, the Equitable Trust Company of New York; that the defendant received the bill of exchange and accompanying documents and instructions, and agreed with the plaintiff through said trust company, as plaintiff's agent, to proceed in accordance with said instructions, and to so proceed in consideration of the payment of its reasonable charges therefor, to be retained by it out of the proceeds of the bill of exchange, when collected; that when the merchandise arrived at Pernambuco, plaintiff was notified that it was partly damaged by sea water, and it thereupon allowed on account of the purchase price and the bill of exchange, a specified sum, leaving a specified net balance as the value of the merchandise in its then damaged condition; and that thereupon and on or about the 1st of November, 1919, through its agent in Rio de Janeiro, Brazil, it

directed the defendant to deduct the amount so allowed from the bill of exchange, and to procure the acceptance of the bill of exchange by the drawee for the net amount after such deduction, and to extend the time of payment for a specified period after the date of acceptance of the bill of exchange; that the defendant did not procure the acceptance by the drawee of the bill of exchange in accordance with said instructions or for any amount, and did not deliver the documents to the drawee, but on or about the 17th of November, 1919, without being authorized so to do by the plaintiff and in violation of such instructions, transferred and delivered said documents at Pernambuco, to some other person or persons, who thereupon by means thereof obtained and took possession of the merchandise and failed to pay the plaintiff the net amount of the purchase price or any part thereof; that through said unauthorized acts of the defendant, the merchandise has been wholly lost to the plaintiff, and the defendant has failed to collect the bill of exchange for said net amount of the purchase price or any part thereof, and no part of the same has been paid to the plaintiff; and that defendant, by letter on or about June 15, 1920, notified said trust company that it declined to assume any responsibility in the matter; and that by reason of the breach of the contract on the part of the defendant, plaintiff has been put to expense for cables and other charges, amounting to a specified sum; and that by reason thereof plaintiff has sustained damages in the amount of the bill of exchange, as so reduced, and said expenses, together with interest thereon.

The theory on which the demurrer was sustained is that the complaint does not clearly show whether the bills of exchange were delivered to the trust company for *collection* or for *transmission*. It is well settled that, where a bill of exchange is delivered by the owner to a bank *for collection*, the bank accepting it *for collection* becomes the agent of the owner; and that any correspondent to whom it forwards the same for collection, becomes its agent only, and not the agent of the owner; and that the bank originally receiving it for collection is liable to the owner for its own acts and for the acts of those it employs in collecting the paper; but that, where the bill of exchange is delivered to a bank as the agent

of the owner merely for *transmitting* it for collection, the first bank accepting it *for collection* becomes the agent of, and liable to, the owner. (*McBride* v. *Illinois National Bank,* 163 App. Div. 417, and authorities therein cited.) The learned counsel for the respondent contends that the allegations of the complaint with respect to the nature of the agency of the trust company, are ambiguous and are open to the inference that the Equitable Trust Company became plaintiff's agent for the collection of the bills of exchange; and that, since the facts with respect to such agency are matters of substance, the pleading does not fall within the rule with respect to a liberal construction. That is still the general rule for the construction of a pleading with respect to matters of substance. (*American Metal Co., Ltd.,* v. *Neumann,* 184 App. Div. 229; *Conger* v. *Judson,* 69 id. 121.) I am of opinion, however, that the nature of the agency of the trust company is quite clearly alleged. The complaint charges that the bill of exchange and accompanying documents were forwarded to the defendant by the plaintiff through its agent, the trust company, accompanied by written instructions with respect to the duties the plaintiff desired the defendant to perform; and it is also expressly alleged that the defendant received the bill of exchange, documents and instructions, and agreed with the plaintiff, through the trust company, that it would proceed in accordance with the instructions in consideration of the amount it was to deduct from the proceeds of the bill of exchange for its services. The allegation that the defendant agreed with the plaintiff to perform the duties requested is a sufficient allegation of the facts showing the employment of the defendant as plaintiff's agent and its acceptance thereof. (*People* v. *Lewis,* 138 App. Div. 673, 674; *Stapleton National Bank* v. *U. S. Fidelity & Guaranty Co.,* 131 id. 157–159; 31 Cyc. 1626.) Moreover, the nature of the transactions negatives any inference that the bills of exchange were discounted for the plaintiff by the trust company, and quite clearly shows that the employment of the trust company was merely for the purpose of transmitting the papers to the bank in Pernambuco, which, on accepting the employment, became obligated to the plaintiff to exercise due diligence in carrying out the instructions received. If the defendant was

employed by the plaintiff, it is not, and could not well be, contended on the facts alleged that it has not been guilty of a breach of the contract, giving rise to a cause of action for the plaintiff's damages.

It follows that the order should be reversed, with ten dollars costs and disbursements, and defendant's motion for judgment on the pleadings denied, and plaintiff's motion granted, with ten dollars costs, but with leave to defendant to withdraw the demurrer and answer on payment of costs of the appeal and of the motion.

CLARKE, P. J., SMITH, MERRELL and GREENBAUM, JJ., concur.

Order reversed, with ten dollars costs and disbursements, defendant's motion denied, plaintiff's motion granted, with ten dollars costs, with leave to defendant to withdraw demurrer and to answer on payment of said costs.