COMMERCIAL EXCHANGE BANK, Appellant, *v.* ARTHUR B. WOODWARD, Respondent.

First Department, December 2, 1921.

Corporations — issue as to existence of corporation can be raised only by affirmative allegation of non-existence — action on judgment entered on confession — payment to be pleaded as affirmative defense — fact that judgment debtor did not owe judgment creditor and that judgment was confessed for ulterior purpose good defense — defense not sufficiently pleaded.

A denial by the defendant of any knowledge or information sufficient to form a belief with respect to the plaintiff's being a domestic corporation did not raise any issue on the allegation in the complaint that the plaintiff was a domestic corporation; that issue can be raised only by an affirmative allegation that the plaintiff was not a corporation.

In an action on a judgment entered on confession an allegation in the complaint that no payment had been made thereon is not put in issue by a denial that payment was demanded, for payment is a defense that must be affirmatively pleaded.

It is a good defense to an action on a judgment entered on confession that the defendant was not indebted to the judgment creditor and that it held no claim against him when the judgment was confessed, and that the defendant was induced to execute the confession for an ulterior purpose on the express agreement that it was not to be filed and that no judgment was to be entered against him.

Defendant's answer examined, and *held*, that the said defense was insufficient in law, since the facts were alleged equivocally and by inference only.

APPEAL by the plaintiff, Commercial Exchange Bank, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 3d day of June, 1921, denying plaintiff's motion for judgment on the pleadings.

*Petersen, Steiner & Kohan* [*Jerome Steiner* of counsel], for the appellant.

*Lincoln Tyler,* for the respondent.

LAUGHLIN, J.:

The action is to recover over on a judgment entered by the plaintiff under its former name (German Exchange Bank) against the defendant on the 5th day of January, 1910, on the defendant's appearance and formal confession of judgment.

APP. DIV.— VOL. CXCVIII.      49

First Department, December, 1921.    [Vol. 198

. Plaintiff does not allege the issuance of execution on the judgment, but alleges that payment thereof has been demanded and that no payment has been made, and demands judgment for the amount of the former judgment and interest thereon from the date of the entry thereof and costs. The answer either has been drawn recklessly or without a proper comprehension of the rules of pleading. It denies any knowledge or information sufficient to form a belief with respect to the plaintiff's being a domestic corporation, whereas in order to join issue on that averment of the complaint, defendant was required affirmatively to plead that the plaintiff was not a corporation. (Code Civ. Proc. § 1776.) It also attempts to put in issue the allegation of the complaint to the effect that no payment has been made on account of the judgment, whereas payment is an affirmative defense and is not so pleaded. It denies that payment has been demanded, but that allegation of the complaint was unnecessary. Therefore, the complaint stands admitted, and the only point requiring special consideration on the appeal is, whether the facts alleged in the 3d and 4th paragraphs of the answer constitute a good defense. It is proper to observe with respect thereto that the allegations are both conflicting and unintelligible. Defendant appears to have intended to concede that he executed a formal confession of judgment in favor of the plaintiff upon which the judgment was entered, but he alleges that the day before he executed it, one Adrian, an officer of the bank, had a conference with him, and that the bank through Adrian informed him that it desired to mark off and cancel as uncollectible a certain indebtedness of $2,400 then due and owing to it from the A. B. Woodward Co., Inc., a corporation, and that the Banking Department of the State would not permit this until after the bank reduced the claim to judgment and caused an execution to be issued thereon and returned unsatisfied, and that the bank through Adrian requested him as a special favor to it and in order to enable it to have said claim, which it considered uncollectible, canceled, to call at the office of its attorneys and to execute such papers as the attorneys might prepare and present to him, and represented to him that the confession of judgment or other document he might so execute would not be placed on file or published, and that the bank would not expect him

to pay any part of the judgment irrespective of the nature of any paper or other instrument or document, whether a confession of judgment or otherwise, which he might so execute, and that no demand for the payment of the money or of the judgment would ever be made upon him.  He further alleges that relying on such statements and representations and in consideration of the agreement then made with him by Adrian, he called on the attorneys for the bank the same day and executed and acknowledged a confession of judgment in its favor for $2,400.  He then alleges that he did not at the time know or understand the nature or real purport of the instrument so executed and acknowledged by him, and that without his knowledge or consent and in violation of said agreement, his confession of judgment was filed and docketed the next day; but that he never thereafter heard anything further in regard to the judgment until the service of the summons herein on the 7th of March, 1921, and that had it not been for said agreement and false and fraudulent representations, made to him by Adrian as an officer of the bank, he would have urged " in defense of the original action, that the cause of action then pending or the alleged claim upon which it was predicated, was not personal to nor valid as against this defendant and that if any sum of money was due and owing the said German Exchange Bank, it was not due and owing from this defendant and that said facts were all within the knowledge of the said German Exchange Bank."  Defendant's prayer for relief is that the judgment be adjudged void and that the plaintiff be forever restrained from enforcing it and that he have costs of the action.

It will be observed that the provisions of the answer which I have quoted contain a reference to some action pending at the time of the confession of judgment, but that is the only reference thereto, and we are left with only this vague information concerning it.  It is difficult to understand how a confession of judgment by the defendant was to enable the bank to obtain permission from the Banking Department to cancel a claim which it had against another if, as alleged, the Banking Department required that a judgment be entered against the *debtor* and that execution be issued thereon and returned unsatisfied before it would allow the marking off

of the indebtedness as an asset of the bank. It is likewise difficult to discover any theory on which a mere confession of judgment, with an agreement that it should not be filed and that no judgment should be entered thereon, would have been of any avail to the bank; and the defendant in his answer develops no theory upon which those allegations are understandable. It is to be observed that the defendant seems to attempt to plead argumentatively that he was not indebted to the bank on the claim on which he confessed judgment, but he carefully avoids alleging that such was the fact. Of course, if the defendant was not indebted to the bank and it held no claim against him and he was induced to execute a confession of judgment for a lawful ulterior purpose on the express agreement that it was not to be filed and that no judgment was to be entered thereon against him, that would be a defense to this action, for it would show not only that there was no consideration for the confession of judgment but that it was fraudulently obtained and that an unauthorized use was made thereof; but the allegations with respect thereto are of substantive facts essential to the sufficiency of the defense attempted to be pleaded and should have been made unequivocally. (*American Metal Co., Ltd.,* v. *Neumann,* 184 App. Div. 229.) They are not so made, however, and the defense pleaded is insufficient.

The learned court at Special Term was of opinion that the defense was good, on the theory that it showed that the confession of judgment was made in the execution of an agreement between the bank and the defendant to mislead the Banking Department; but we think that the defense when analyzed fails to disclose any theory on which the State banking officials could have been misled by the confession of judgment by the defendant, on a claim owing to the bank not by him but by a third party, which was not to be filed and upon which no judgment was to be entered. It follows that the order should be reversed, with ten dollars costs and disbursements, and plaintiff's motion granted, with ten dollars costs, but with leave to defendant to amend on payment of the costs of the appeal and of the motion.

CLARKE, P. J., SMITH and MERRELL, JJ., concur.

GREENBAUM, J.:

I concur in the reversal of the order appealed from and the granting of plaintiff's motion with leave to the defendant to amend. It is difficult to understand how the defendant could have been defrauded by a promise that the confession of judgment " would not be placed on file nor published " (sic), doubtless meaning, would not be entered and docketed, when, as he alleges, it was represented to him by the plaintiff that the purpose of the judgment was to cause an execution to be issued thereon and returned unsatisfied. Moreover, if it be the fact that the confession of judgment was procured for the purpose of deceiving the bank examiner, then clearly the defendant must have participated in the alleged fraud and cannot be heard upon such a defense.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs, with leave to defendant to serve an amended answer on payment of said costs.