JAMES P. LOGAN et al., Copartners under the Firm Name of J. P. LOGAN & SONS, Appellants, v. UNITED INTERESTS, INC., Respondent.

Real property — easements — landlord and tenant — lease of use of wall — covenant to pay rent, not by owners of building using wall, who held same as trustees, but by beneficiary of trust — covenant does not run with land so as to bind subsequent purchaser.

1. Where a covenant for rent for the use of a wall so long as a building should stand and should require its use was made not by the grantees, who held such building and the land on which it stood as trustees, but by the beneficiary of the trust who covenanted "for himself, his heirs and devisees," the covenant does not attach to the land so as to bind successive owners while the easement is enjoyed. The trustees, not the beneficiary, held the title to the land and it is with them and not with him that a subsequent purchaser is in privity of estate.

2. No covenant is to be implied in law, for the statute forbids the implication except upon the creation of an estate for years. This is the grant of an incorporeal right to continue for an indefinite term. None is to be implied in fact for the implication is forbidden by the terms of the agreement. (*Cole* v. *Hughes*, 54 N. Y. 444; *Crawford* v. *Krollpfeiffer*, 195 N. Y. 185, distinguished.)

*Logan* v. *United Interests, Inc.*, 203 App. Div. 634, affirmed.

(Submitted May 11, 1923; decided June 5, 1923.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the first judicial department, entered November 17, 1922, reversing a determination of the Appellate Term which affirmed a judgment of the Municipal Court of the city of New York in favor of plaintiffs, and directing a dismissal of the complaint.

*Charles S. Fettretch* and *Edward S. Clinch* for appellants. The covenant to make the stipulated semi-annual payments for the use of the wall ran with the land and is binding upon the respondent, the present owner of No. 8 Greene street. (*Tate* v. *Neary*, 52 App. Div. 78; Jones on Easements, § 671; *Savage* v. *Mason*, 3 Cush.

500; *Brewer* v. *Marshall,* 18 N. J. Eq. 337.) The agreement sued upon shows by its provisions an intention that it should bind and be for the benefit of subsequent owners of the respective properties. (Gerard on Titles [5th ed.], 650; *Hart* v. *Lyon,* 90 N. Y. 663; *Mott* v. *Oppenheimer,* 135 N. Y. 312; *Crawford* v. *Krollpfeiffer,* 195 N. Y. 185; *Morris* v. *Burr,* 59 Misc. Rep. 261; *Maupai* v. *Jackson,* 139 App. Div. 528; *Guentzer* v. *Juch,* 51 Hun, 397.) The covenant to pay for the use of the wall is binding upon respondent. (*Lynch* v. *Onondaga Salt Co.,* 64 Barb. 558.)

*William P. Niebrugge* and *Berton L. Maxfield* for respondent. The covenants in the party-wall agreement calling for the semi-annual payments of money do not bind this defendant, since as a matter of law these covenants do not run with the land and by the express provisions of the instrument the covenants to pay the money do not bind the grantees or assignees. (*Crawford* v. *Krollpfeiffer,* 195 N. Y. 185; *Sebald* v. *Mulholland,* 155 N. Y. 455.)

Cardozo, J. A party wall forty-two feet in depth once separated the building No. 6 Greene street from the building No. 8 Greene street in the city of New York. Before November, 1883, the owners of No. 6 tore down the old building then standing on their lot and put up a new one, six stories in height and eighty-seven feet six inches in depth. They built the new wall in its extension toward the rear, a space of forty-five feet six inches, at their own expense and wholly on their own land. For the distance of this extension it was not a party wall. It was owned by those who built it.

In November, 1883, after these improvements had been made, the owners of No. 6 came to an agreement with the owners of No. 8 as to the use of the wall in its prolongation toward the rear. The agreement states that " the

parties of the first part [the owners of No. 6] have and by these presents do let and lease to the parties of the second part [the Trustees of Louis L. Lorillard], their successors and assigns the said wall so erected by them, the parties of the first part as aforesaid, as and for the party wall between the two buildings erected and to be erected for so long a time as the building No. 8 Greene street shall stand and require the use of the same as and for its southerly wall (unless this lease is sooner terminated as hereinafter provided) commencing from the first day of February, 1884, at and for the annual rent or sum of $326, to be paid to them, the said parties of the first part, their heirs, executors, administrators, or assigns, in equal half-yearly payments on the first day of each month of August and February in each year after the commencement of this lease, which rent the party of the third part [Louis L. Lorillard] for himself, his heirs and devisees of the said No. 8 Greene Street, hereby covenants and agrees, shall be paid at the times and in the way above specified, and does hereby irrevocably authorize and empower the parties of the second part and their successors to pay the same out of any income which shall come to their hands as such trustees for his benefit and does further covenant and agree that the payment of the aforesaid rent shall be deemed and be an application of the amount thereof from time to time to his use and benefit under the provisions of the trust by which they hold the same, to which the parties of the second part, hereby consent and agree.''

The owners of No. 8 constructed a new building, after the execution of this agreement, and placed the beams in the extended wall constructed by the owners of No. 6. Title to No. 6 is now vested in the plaintiffs. Title to No. 8 has passed by mesne conveyance to the defendant. The action is for the recovery of a semi-annual installment. No express covenant of assumption is contained in the deed to the defendant or in the one to his intermediate grantor. The question is whether the burden runs with

the land in such a sense as to charge the defendant with liability in an action at law. The Municipal Court and the Appellate Term held in favor of the plaintiffs. The Appellate Division reversed, and dismissed the complaint.

The plaintiffs argue that a covenant for the payment of rent, or of a return analogous to rent, was made by the parties of the second part, the grantees of the easement, and that this attaches to the land and binds successive owners while the easement is enjoyed. The difficulty is that no such covenant exists. The grantees of the easement were careful to refrain from assuming personal liability for the payment of a dollar. The covenant for rent was made, not by the grantees, the parties of the second part, but by the party of the third part, the beneficiary of the trust, who covenanted " for himself, his heirs and devisees." The trustees, not the beneficiary, held the title to the land (*Schenck* v. *Barnes*, 156 N. Y. 316, 321); and it is with them, and not with him, that the defendant, as a subsequent purchaser, is in privity of estate. A covenant cannot run with the land so as to bind an assignee unless it exists at the time of the conveyance so as to bind an assignor.

The argument is made that a covenant is to be implied. None is to be implied in law, for the statute forbids the implication except upon the creation of an estate for years (*Fifth Ave. Bldg. Co.* v. *Kernochan*, 221 N. Y. 370, 374; Real Prop. Law (Cons. Laws, ch. 50), § 251). This is not a lease for years. It is the grant of an incorporeal right to continue for an indefinite term, and creates an estate of inheritance which may exist in perpetuity (*Carter* v. *Burr*, 39 Barb. 59; *Fifth Ave. Bldg. Co.* v. *Kernochan, supra,* p. 373). None is to be implied in fact, for the implication is forbidden by the terms of the agreement. Statements in a lease that the letting is made at and for a designated rent " to be paid " to the lessors, may mean, if they stand alone, that payment of the rent reserved is to be made by the lessee (Bacon's Abridgment, Covenant B;

2 Reeves, Real Prop. p. 822; 1 Taylor, Landlord & Tenant, ·252, note; *Bower* ·v. *Hodges,* 13 C. B. 765, 774; cf. 18 Halsbury, Laws of England, pp. 465, 467, 468). We cannot determine their significance without reference to the context. Here, they are accompanied by words which show that the obligation of payment is assumed, not by the lessee, the fiduciary, the holder of the title, but by some one else, the beneficiary. *Expressum facit cessare tacitum* (*Assets Realization Co.* v. *Howard,* 211 N. Y. 430, 437). The defendant is not privy to the maker of the covenant either in contract or in estate.

The Appellate Division ruled against the plaintiffs on the authority of *Cole* v. *Hughes* (54 N. Y. 444) and *Crawford* v. *Krollpfeiffer* (195 N. Y. 185). Important elements of difference exist between the covenants there construed and the covenant before us now. The distinction does not have to be elaborated, since we reach the same result, though following another path.

The plaintiffs are not without remedies. This action is not one of them.

The judgment should be affirmed with costs.

Hiscock, Ch. J., Hogan, Pound, McLaughlin, Crane and Andrews, JJ., concur.

Judgment affirmed.