ANDREW D. BAIRD HOLDING CORPORATION, Respondent, *v.* BURNS BROS., Appellant, Impleaded with ANDREW D. BAIRD and Another, Respondents.

Second Department, May 9, 1924.

Mortgages — action on guaranty of bond given with purchase-money mortgage — defense that street ran through property and that vendor could not, therefore, have conveyed entire property described — defense does not arise from covenants in deeds — defense insufficient if based on mistake of fact.

In an action on a guaranty of a bond given with a purchase-money mortgage, it is not a defense that a street ran through the property purported to be conveyed, and that the vendor could not have owned that portion of the street that lay within the lines of the property conveyed, for the defense did not arise as a result of the covenants, if any, contained in the deed, but is due to a mutual mistake of facts which arose prior to the execution of the contract.

Assuming, however, that the facts alleged set forth a mistake of fact and not a mistake of law, the defense is insufficient, since the contract has been fully executed and the conveyance accepted, and, therefore, the grantee must rely solely on the covenants in his deed.

APPEAL by the defendant, Burns Bros., from so much of an order of the Supreme Court, made at the Kings Special Term and entered in the office of the clerk of the county of Kings on the 24th day of October, 1922, striking out the amended answer of defendant Burns Bros. and granting judgment in favor of the plaintiff and as grants judgment in favor of the defendants Andrew D. Baird and another for costs, and also from the judgment entered in said clerk's office on the 27th day of October, 1922, pursuant to said order.

*Claude L. Gonnet* [*Louis H. Moos* with him on the brief], for the appellant.

*Fred L. Gross* [*Louis C. Wills* with him on the brief], for the plaintiff, respondent.

Judgment and order unanimously affirmed, with costs, on the opinion of Mr. Justice LEWIS at Special Term.

Present — KELLY, P. J., RICH, JAYCOX, KELBY and KAPPER, JJ.

The following is the opinion delivered at Special Term:

LEWIS, J.:

The pleadings and affidavits on this motion show that plaintiff's assignor, the defendant Andrew D. Baird, conveyed to the defendant Mann, who acted as a conduit for the purpose of transferring the title from Baird to Burns Bros., certain real property for the sum of $80,000, $30,000 payable in cash and the balance by giving

a bond and purchase-money mortgage for $50,000, which was executed by Mann, the principal sum of which was guaranteed by Burns Bros. This action is at law to recover the $50,000 recited in the bond which was guaranteed by the defendant Burns Bros. No judgment is sought against the defendant Mann. The defense of Burns Bros. is that after the closing of title and the delivery of a bargain and sale deed to Mann and the execution of the $50,000 bond and the accompanying mortgage and guaranty the city of New York claimed that a street known as Exterior street ran through the property and that Baird, when conveying, could not have owned that portion of the street that lay within its lines. An action was thereafter brought (*Burns Bros.* v. *City of New York*, 178 App. Div. 615; affd., 232 N. Y. 523) in which the Appellate Division stated (p. 630): " Each of the parties hereto has rights in the property, and so far as appears in this action can continue to hold and enjoy the same, and neither one is in position to eject the other therefrom." The defenses urged do not arise as the result of the covenants, if any, contained in the deed, but are due, as alleged, to the mutual mistake of facts which arose prior to the execution of the contract. Assuming that the facts alleged in the affidavits set forth mistake of fact and not mistake of law, the defenses are insufficient. In *Johnson* v. *State of New York* (188 App. Div. 33) the court stated: " In the *Wheeler Case* [*Wheeler* v. *State of New York*, 190 N. Y. 406] the general rule was stated as follows: 'An executory contract to give " a good and sufficient conveyance of land " requires the grantor to convey a good title, as well as to deliver a conveyance proper in form. But after the contract is executed and the conveyance accepted, the grantee must rely solely on the covenants in his deed. If his deed contains no covenants, he is without remedy either for eviction or incumbrance.' " (See, also, *Thorp* v. *Keokuk Coal Co.*, 48 N. Y. 253.) Motion for judgment on the pleadings is granted.