SIDNEY S. LEWY, Respondent, *v.* CLARKE AVE., INC., Appellant.

Supreme Court, Appellate Term, Second Department, April 24, 1926.

**Vendor and purchaser — action for breach of implied warranty as to condition of premises — action is not maintainable.**

An action cannot be maintained by a purchaser for breach of an implied warranty as to the condition of the premises purchased, for upon the sale of real property the rule of *caveat emptor* applies and no implied covenant arises from a conveyance of real estate.

APPEAL from a judgment of the Municipal Court, Queens, Fifth District, in an action for breach of contract, breach of warranty, fraud and negligence.

*Charles C. Bunker*, for the appellant.

*J. E. Brandfon*, for the respondent.

PER CURIAM. Judgment unanimously reversed upon the law, with thirty dollars costs to appellant, and complaint dismissed, with appropriate costs in the court below.

During the trial the court properly held that the case did not establish any fraud. In disposing of the requests to charge, the court in effect held that there could be no recovery upon an express

warranty, as such a warranty had to be in writing. The case was left to the jury upon the theory of an implied warranty. This was error. Upon the sale of real property the rule of *caveat emptor* applies. (27 R. C. L. 668, § 431.)

In the absence of a covenant, this applies even to a question of title, and hence must apply to a question of the condition of the property. No implied covenant arises from a conveyance of real property. (Real Prop. Law, § 251; *Logan* v. *United Interests, Inc.*, 236 N. Y. 194, 197; *Murray* v. *Smith*, 1 Duer, 412, 427, 428.)

Present, CROPSEY, MACCRATE and LEWIS, JJ.