HARMON NATIONAL REAL ESTATE CORPORATION, Plaintiff, *v.* MARY EGAN, Defendant.

Supreme Court, Kings County, April 15, 1930.

*Isaac Roth,* for the plaintiff.

*Edwin R. Lynde,* for the defendant.

DUNNE, J. A denial by the defendant of any knowledge or information sufficient to form a belief with respect to the plaintiff's

---

* Since amd, by Laws of 1929, chap. 653.— [REP.

being a domestic corporation does not raise any issue on the allegation in the complaint that the plaintiff is a domestic corporation; that issue can be raised only by an affirmative allegation that the plaintiff is not a corporation. (*Commercial Exchange Bank* v. *Woodward*, 198 App. Div. 769.) Defendant further denied any information sufficient to form a belief of the amount due on the bond and mortgage. Defendant is the mortgagor. " This seems to be a matter of which the defendant must have had knowledge, and with reference to which we think he could not honestly deny knowledge or information sufficient to form a belief." (*Kirschbaum* v. *Eschmann*, 205 N. Y. 127.) A party may not thus deny the possession of knowledge or information which presumably he has; neither may he purposely turn his head and close his eyes and ears for the purpose of avoiding knowledge or information, and of enabling him to make a denial thereof. (*Dahlstrom* v. *Gemunder*, 198 N. Y. 449.) In the counterclaim defendant seeks affirmative relief against the mortgagee on the ground that the premises which she purchased were at the time in a defective and uninhabitable condition. Defendant fails to allege that there was a misrepresentation on the part of the grantor, setting forth only " that at the time the house was sold to the defen - ant, the plaintiff well knew that the same was uninhabitable." However, even if this rather inartistic pleading might be corrected, it could not serve to cure the basic defect. For after the contract of sale has become executed and the conveyance accepted, the grantee must rely solely on the covenants in his deed. If this deed contains no covenants, he is without remedy, either for eviction or incumbrance. (*Baird Holding Corporation* v. *Burns Bros.*, 209 App. Div. 601.) And as pointed out in *Lewy* v. *Clark Ave., Inc.* (128 Misc. 16): " Upon the sale of real property the rule of *caveat emptor* applies. (27 R. C. L. p. 668, § 431.) In the absence of a covenant, this applies even to a question of title, and hence must apply to a question of the condition of the property. No implied covenant arises from a conveyance of real property. (Real Prop. Law, § 251; *Logan* v. *United Interests, Inc.*, 236 N. Y. 194, 197; *Murray* v. *Smith*, 1 Duer, 412, 427, 428.) "

Motion granted. Denials and counterclaim ordered stricken out and judgment given for the plaintiff.